In the Matter of the Compensation of
Marilyn Cogswell, Claimant.
COGSWELL,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(83-05552; CA A31557)

702 P2d 81

Howard R. Nielsen, Salem, argued the cause for petitioner. With him on the brief was Allen & Vick, Salem.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Claimant petitions for review of an order of the Worker's Compensation Board affirming the referee's dismissal of her claim because she failed to establish good cause for not requesting a hearing within 60 days of the date she was notified that the claim had been denied. ORS 656.319(1).[1] We affirm.

In 1982 claimant was employed at Agripac, Inc., on the production belt. The work required repetitive movements of the arms and shoulders. On October 15, she began experiencing symptoms in her neck and shoulders and, after consulting with a physician, Dr. Buell, she filed a claim alleging a compensable occupational disease for bilateral bursitis of the shoulders. SAIF denied compensability on March 18, 1983. In bold-faced type the letter informed claimant that she had 60 days within which to file a request for hearing on the denial. The letter was signed by Lisa Wilch, a claims representative. Claimant received the letter on March 21.

Dr. Buell referred claimant to Dr. Stewart, who examined her on April 11. After hearing Dr. Stewart's diagnosis, claimant called Wilch on April 26. Wilch told claimant that SAIF would review Dr. Stewart's reports when they were received. SAIF received the reports on April 29, and Wilch received them on May 16. On May 17, claimant called Wilch, who told claimant that she would get back to her that day. Wilch then consulted her supervisor, who reviewed the file and decided that the denial should stand. Wilch tried to telephone claimant about 4:30 p.m. on that day and again on the afternoon of May 19 and on May 20. There was no answer to any of the calls, and on May 23 Wilch wrote claimant a letter advising her that SAIF's denial of March 18 would stand. Claimant received the letter on May 24. About three

---

[1] ORS 656.319 provides:

"(1) With respect to objection by claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a) A Request for Hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b) The Request is filed not later than the 180th day after notification of the denial and the claimant establishes at a hearing that there was good cause for failure to file the Request by the 60th day after notification of denial."

weeks later, she sought legal advice, and a request for hearing was filed on June 14, more than 60 days after she had first been notified that her claim was denied. In affirming the denial, the referee found:

> "The primary reason that claimant did not file a timely appeal, consistent with her testimony, appears to be (1) the time slipped by, (2) claimant was concerned about the health of one of her relatives, and (3) claimant did not have the matter of the denial and that matter of an appeal from the denial in her head, notwithstanding the action of SAIF Corporation."

The Board agreed and affirmed the referee's order.

■　　　Claimant has the burden to establish good cause for failure to file within the statutory time. *See Wamsher v. Brooks Products,* 26 Or App 835, 554 P2d 573 (1976). Claimant argues that she has provided a reasonable explanation for her inaction which, under the broad remedial policy of the Workers' Compensation Law, should establish good cause.

■　　　On *de novo* review, we hold that claimant has not met her burden. She herself testified that she did not believe Wilch had the authority to accept her claim, that SAIF did not tell her that she would have more than 60 days to file a claim or that she ever discussed her appeal rights with Wilch. It is clear that SAIF did not attempt to mislead claimant into thinking that her claim would remain open after the statutory time for appeal had passed. Apart from a concern about a sister who was ill, the record shows no event or occurrence which could have interfered with claimant's timely filing a request for hearing. *See Wamsher v. Brooks Products, supra.* As claimant testified:

> "This whole thing, like I said, has not been up front in my mind. If I would have been thinking about time and essence of everything, I probably would have went sooner. I probably would have went a whole lot sooner."

Claimant's lack of diligence does not constitute good cause.

Affirmed.