Argued and submitted September 18, 1985, reversed and remanded April 16, reconsideration denied June 6, petition for review denied September 3, 1986 (301 Or 666)

In the Matter of the Compensation of
William J. Anderson, Claimant.

ANDERSON,
*Petitioner,*

*v.*

PUBLISHERS PAPER CO.,
*Respondens.*

(WCB 82-07774; CA A33788)

717 P2d 635

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief were Daniel C. Dziuba and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Jerald P. Keene, Portland, argued the cause for respondent. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman Judges.

BUTTLER, P. J.

Warren, J., dissenting.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board which reversed the referee and held that claimant had not established good cause for failing to request a hearing within 60 days of the denial of his claim. ORS 656.319(1).[1]

The facts are generally undisputed, and we adopt the Board's findings:

"* * * Claimant compensably injured his left thumb on January 7, 1981. The claim was accepted [by Publishers Paper], processed and closed by a Determination Order dated November 17, 1981 which granted no award for permanent disability. Shortly after the Determination Order, claimant traveled to Wyoming where he worked for about a month or two, first in the oil fields and then in a hotel. His hand continued to bother him while he worked in Wyoming. He did not file a claim against either of his Wyoming employers.

"Claimant returned to Oregon where he saw Dr. Button on April 2, 1982. Dr. Button had previously examined claimant twice at the insurer's request. Dr. Button reported to the insurer and verbally told claimant that claimant had experienced an overuse syndrome while working in Wyoming and that [the present problem relates more to his most recent employment rather than to his past work at Publishers Paper]. The insurer interpreted Dr. Button's report to be an aggravation claim [against Publishers Paper], and issued a denial on April 28, 1982.

"That denial contains the usual notice about the right to request a hearing. Claimant testified that he took no action after he received the denial because Dr. Button had told him that his problems were unrelated to his compensable Oregon injury. However, claimant also testified that his receipt of the denial prompted him to go to Dr. Lawton for assistance.

---

[1] ORS 656.319 provides, in part:

"(1) With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a) A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b) The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial."

"On June 14, 1982 Dr. Lawton reported to the insurer that he believed that claimant's condition was an aggravation of his compensable Oregon injury. On June 24, 1982 Dr. Lawton reiterated his opinion that claimant's condition had worsened. The record contains no information about whether or to what extent Dr. Lawton expressed these thoughts to claimant.

"Claimant's request for hearing on the April 28 denial was filed on August 27, 1982, i.e., beyond the 60 day limit but within the additional time permitted upon a showing of good cause for delay beyond 60 days."

■ Button's letter to EBI reported conditions suggesting a possible need for treatment; therefore, it constituted an aggravation claim. ORS 656.273(3); *see Haret v. SAIF,* 72 Or App 668, 672, 697 P2d 201, *rev den* 299 Or 313 (1985).[2] Although somewhat ambiguous, it did not exclude Publishers' liability; it simply stated that another employer was involved. Publishers was bound to respond. ORS 656.273(b); ORS 656.262. It correctly treated the letter as an aggravation claim, which it denied.

The Board assumed, as claimant argues, that claimant did not file a request for hearing because he subjectively believed, on the basis of statements made by Button, that it was unlikely that he could prevail. The Board applied a rule that it had applied in an earlier decision: Claimant's subjective belief as to the non-compensability of his claim is not good cause for his failure to file a timely request for hearing.

■ In *Brown v. EBI Companies,* 289 Or 455, 616 P2d 457 (1980), the Workers' Compensation Board had decided that the claimant had not shown good cause for failing to request a hearing within 60 days after the denial of his claim, ORS 656.319(1)(b), because it believed that *Sekermestrovich v. SAIF,* 280 Or 723, 573 P2d 275 (1977), required that result. The court pointed out that in *Sekermestrovich* it had held that "good cause" as used in ORS 656.319(1)(b) means the same kind of "mistake, inadvertence, surprise or excusable neglect" that permits relief from a default judgment under *former* ORS 18.160 (*repealed by* Or Laws 1981, ch 898, § 53). It went on to hold that, given the court decisions under *former* ORS 18.160, it was at least within the range of the Board's discretion to

---

[2] We do not decide whether an insurer's consulting doctor's letter to the insurer saying that the insurer is not responsible would be an aggravation claim to which the insurer would be required to respond.

relieve a claimant from a default caused by the mistake or neglect that was claimed in *Brown*. Because a finding of good cause was not foreclosed by *Sekermestrovich,* as the Board had thought, the case was remanded to the Board to make its own judgment on the basis of *former* ORS 18.160 and the cases decided under it.

Since *Brown,* ORS 18.160 has been repealed and the material language it contained is included in ORCP 71B(1). The rule, however, authorizes relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect," eliminating the requirement in *former* ORS 18.160 that the mistake be that of the moving party. Here, the referee concluded that claimant had established good cause, without referring to ORCP 71B(1) or cases decided under *former* ORS 18.160. In reversing the referee, the Board examined neither the rule nor the cases, as *Brown* requires that it do.[3] Instead, it applied a broadly formulated rule that it had adopted in a prior Board decision.

Accordingly, we must reverse and remand to the Board for reconsideration under the appropriate law. A decision about "good cause" is for the Board to make in the first instance. *Brown v. EBI Companies, supra.* We need not decide how we would review the Board's decision on that question, given the footnote in *Brown* on which employer relies. However, it is difficult to believe that the Supreme Court in *Brown* intended to say that, although our review under the Workers' Compensation Act is *de novo,* judicial review of whether good cause exists or not under ORS 656.319 is limited by the Administrative Procedures Act as interpreted in *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979).[4] If

---

[3] Whether the Supreme Court decided *Sekermestrovich v. SAIF, supra,* correctly may be an open question. Two judges dissented in that case, and three dissented in *Brown v. EBI Companies, supra,* on the ground that the court should not have applied *former* ORS 18.160 to Workers' Compensation Act cases.

[4] Employer contends that our scope of review is limited to whether the Board acted within the limits of the discretion delegated to it and that we may not disturb the Board's decision, unless it is unlawful in substance. *McPherson v. Employment Division, supra.* In so contending, it relies on a footnote in *Brown v. EBI Companies, supra,* 289 Or at 460 n 3:

"One difference between ORS 18.160 and ORS 656.319(1)(b), not noted in *Sekermestrovich v. SAIF, supra,* is that ORS 18.160, wisely or not, states relief from default judgments as a matter of the trial court's 'discretion,' while 'good cause' under ORS 656.319(1)(b) is not a matter of 'discretion' but of agency

that is what the court meant, there may be other questions arising under the Workers' Compensation Act that are subject to that kind of limited review.

Reversed and remanded.

**WARREN, J.,** dissenting.

The majority reads more into *Sekermestrovich v. SAIF,* 280 Or 723, 573 P2d 275 (1977), and *Brown v. EBI Companies,* 289 Or 455, 616 P2d 457 (1980), than is warranted. *Sekermestrovich,* according to *Brown,* established two principles: (1) "Good cause," as it is used in ORS 656.319, refers to the same kind of mistake, inadvertence, surprise or excusable neglect that permits relief from a default judgment under *former* ORS 18.160 (*repealed by* Or Laws 1981, ch 898, § 53), now ORCP 71B(1). (2) The personal negligence of a claimant's attorney is not, as a matter of law, good cause.

In *Brown,* the question was whether negligence in the chain of communications, having nothing to do with the attorney personally, is not good cause as a matter of law. The Board, citing *Sekermestrovich,* had held that it was not. The court stated, in referring to the cases construing *former* ORS 18.160, that *it is at least within the range of the Board's discretion* to relieve a claimant from a default caused by negligence of communication. The Board was not required to find, as a matter of law, that the facts did not constitute good cause. The court concluded by saying:

> "We do not hold in turn that on the facts of this case the claimant had 'good cause' for the delayed filing as a matter of law. We hold only that a finding of 'good cause' was not forclosed by our decision in *Sekermestrovich v. SAIF,* as the Board appears to have thought. *This judgment was for the referee and the Board to make in the first instance."* 289 Or at 460. (Emphasis supplied.)

The court did not say, as the majority would suggest, that the Board must decide in every case whether the facts would justify setting aside a judgment under *former* ORS 18.160. It

---

judgment in the sense stated in *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979)."

We are not certain what the court meant by that footnote, particularly in the light of its having stated that it was within the Board's range of discretion to relieve a claimant from a default under the facts of that case.

said only that a decision on good cause under the facts was within the Board's discretion. The Board was not, as a matter of law, required to decide the case one way or another. Our review of that exercise of discretion is governed by the standard stated in *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979). *See Brown v. EBI Companies, supra,* 289 Or at 460 n 3. The term "good cause" is a delegative one, and we should not disturb the Board's decision unless it is "unlawful in substance." *McPherson v. Employment Division, supra,* 285 Or at 557.

What the Board has done here is precisely what the court in *Brown* said it should do. There is no requirement that the Board articulate more than it did—that a claimant's subjective belief as to the validity of a claim is not good cause for the late filing of a hearing request.

I respectfully dissent.