Argued and submitted January 16, reversed and remanded July 22, 1987

In the Matter of the Compensation of
Frank DeCouteau, Claimant.
DeCOUTEAU,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB No. 84-05809; CA A39806)

739 P2d 1077

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

### NEWMAN, J.

Claimant seeks review of an order of the Workers' Compensation Board. He had requested a hearing on insurer's denial of his aggravation claim more than 60 days, but less than 180 days, after the denial. The Board affirmed the referee's ruling that claimant did not have "good cause" to file the request after the 60-day period had expired. ORS 656.319.[1] We reverse.

Claimant suffered a compensable low back injury in January, 1981. He moved to North Dakota. In October, 1983, he had low back surgery. His attending physician forwarded the billings and medical records for the surgery to SAIF. On February 8, 1984, SAIF denied claimant's aggravation claim, because

> "it appears that your condition which resulted in surgery in October, 1983, is attributable to a condition which pre-existed your injury of January 8, 1981, as opposed to a direct causal relationship to this injury."

On May 21, 1984, claimant filed the request for a hearing.

The referee stated that claimant testified "credibly" that:

> "1. Between receipt of the denial and requesting a hearing, [he] attempted to contact the insurer by the phone at least three times but was unable to get through to anyone in a position of authority. [He] was informed by the insurer that the insurer was not receiving medical reports.
>
> "2. [He] tried to contact his surgeon to make sure the surgeon would send medical reports to the insurer. He called the doctor's office several times but was unable to get through to the doctor. The doctor's office was some 200 miles from

---

[1] ORS 656.319(1) provides:

"With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a) A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b) The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial."

[his] home. [He] was without funds and unable to afford a personal visit to the doctor's office.

"3. [He] was unrepresented by an attorney.

"4. [He] requested a hearing within one week of getting the doctor's report which alleged a causal relationship between his surgery and his previous Oregon industrial injury."

The referee inferred that "claimant did not know he had [a] medical basis for contesting the denial until he finally received his surgeon's report." The referee, however, held that the Board's decision in *William J. Anderson,* 36 Van Natta 1489 (1984), and our decision in *Cogswell v. SAIF,* 74 Or App 234, 702 P2d 81 (1985), are "controlling."[2] Without referring to ORCP 71B(1) or cases decided under *former* ORS 18.160, he concluded that claimant had not established "good cause." The Board affirmed without opinion.

Subsequent to the Board's decision here, we reversed its decision in *William J. Anderson. Anderson v. Publishers Paper Co.,* 78 Or App 513, 717 P2d 635, *rev den* 301 Or 666 (1986). We commented that the Board had ruled that claimant's "subjective belief as to the non-compensability of his claim is not good cause for his failure to file a timely request for hearing." 78 Or App at 516. We then stated:

"[T]he referee concluded that claimant had established good cause, without referring to ORCP 71B(1) or cases decided under *former* ORS 18.160. In reversing the referee, the Board examined neither the rule nor the cases, as *Brown* requires that it do. Instead, it applied a broadly formulated rule that it had adopted in a prior Board decision.

"Accordingly, we must reverse and remand to the Board for reconsideration under the appropriate law. A decision about 'good cause' is for the Board to make in the first instance. *Brown v. EBI Companies,* [289 Or 455, 616 P2d 457 (1980)]." 78 Or App at 517. (Footnote omitted.)

We reach the same result here.

Reversed and remanded to the Board to hold a hearing on "good cause."

_____

[2] Our opinion in *Cogswell* is not controlling here. It is clearly distinguishable on its facts.