In the Matter of the Compensation of
Leon E. Cowart, Claimant.

COWART,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 84-02070; CA A41079)

740 P2d 249

Willard E. Merkel, Portland, argued the cause for petitioner. With him on the brief was Galton, Popick & Scott, Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

### DEITS, J.

Claimant seeks reversal of a Worker's Compensation Board order holding that his request for a hearing was untimely. We reverse and remand.

Claimant was injured in June, 1981, while driving a truck for employer. The 801 form was completed by employer, because claimant was unable to do so, due to his injury. On the form, it was stated that the injury was to the shoulder and neck. Employer accepted the claim one week after the accident, and SAIF paid for all treatment, including treatment for low back complaints.

On December 13, 1983, SAIF issued a partial denial, denying responsibility for treatment of claimant's low back condition. The reasons given were that the back condition pre-existed the 1981 accident and that it was not caused or worsened by that accident. SAIF sent the denial by certified mail on December 13. It sent copies of the denial to six doctors and hospitals, the Compliance Division and employer. It did not send a copy to claimant's attorney, even though SAIF knew that claimant was represented and the attorney had asked SAIF to send all discovery documentation about the claim directly to him. Claimant received the denial letter on January 9, 1984, but did not notify his attorney, with whom he had left instructions to appeal all denials. The attorney learned of the denial on February 24, 1984, 73 days after it was issued, and filed a request for hearing on that day.

■ The Board correctly held that the request for hearing was untimely. A request must be filed within 60 days after the claimant is notified, unless good cause for failure to file within that time is shown. ORS 656.319(1). The date of mailing, not receipt, starts the running of the 60 days. *Madewell v. Salvation Army,* 49 Or App 713, 716, 620 P2d 953 (1980). Although claimant did not receive the notice until January 9, 1984,[1] he received it well before the expiration of 60 days. He could have filed a timely request with reasonable diligence.

■ The Board also held that claimant did not show "good cause" under ORS 656.319(1)(b) for his failure to file a

---

[1] For some unknown reason, the Postal Service was unable to deliver the letter to claimant before that date.

timely request for a hearing. However, in making its determination, the Board did not refer to ORCP 71(B)(1) or cases decided under *former* ORS 18.160. The Board is required to make the decision concerning "good cause" on the basis of the considerations in those sources. We reverse and remand for reconsideration. *See DeCouteau v. SAIF,* 86 Or App 502, 739 P2d 1077 (1987).

Reversed and remanded.