Argued and submitted November 24, 1986, affirmed on petition and cross-petition
September 2, 1987

In the Matter of the Compensation of
Dennis E. Naught, Claimant.

### NAUGHT,
*Petitioner - Cross-Respondent,*

*v.*

### GAMBLE, INC./PEPSI COLA, INC. et al,
*Respondents - Cross-Petitioners,*

*and*

### GAMBLE, INC./PEPSI COLA, INC. et al,
*Respondents - Cross-Respondents.*

(WCB 84-02671, WCB 84-04467 & WCB 84-09197;
CA A37391)

741 P2d 901

146

Kenneth Bourne, Portland, argued the cause and filed the brief for petitioner - cross-respondent.

Jerald P. Keene, Portland, argued the cause for respondents - cross-petitioners. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Patric J. Doherty, Portland, argued the cause for respondents - cross-respondents. With him on the brief were Karli L. Olson and Rankin, McMurry, VavRosky & Doherty, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Claimant seeks review of the Workers' Compensation Board's dismissal of a portion of his aggravation claim on the ground that his request for hearing was untimely. Employer's insurer, EBI Companies, asserts in its cross-petition that claimant's remaining aggravation claim constitutes a new injury for which EBI is not responsible. We affirm on the petition and cross-petition.

Claimant sustained a compensable injury to his upper back while working for Dr. Pepper Bottling Co. on June 16, 1980. The claim was processed by Dr. Pepper's insurance carrier, EBI. Claimant missed work for a brief period. The Workers' Compensation Department issued a determination order for time loss only in September, 1980. In November, 1980, Dr. Pepper was transferred to Pepsi Cola, Inc., owned by Gamble, Inc. Pepsi became self-insured on January 1, 1982, with Fred S. James & Co. (James) as its claim processor. Claimant continued to experience back pain, and states that he began to notice muscle tightening and pain in his lower back. The back condition became more bothersome with time, and he began chiropractic treatment in September, 1983. The chiropractor issued authorizations for absence from work from January 16, 1984, to March 19, 1984. EBI treated those written authorizations as an aggravation claim and issued a denial on March 1, 1984:

> "We acknowledge your request for reopening of this claim for worker's compensation benefits due to a worsening of your condition. At this time, we must respectfully deny your claim for aggravation due to the following legal and factual reason: Your present condition is not a continuation of your June 16, 1980 injury but a new injury. Without waiving other reasons, this denial is made."

Claimant submitted a timely request for a hearing pursuant to ORS 656.319 and filed a claim for a new injury with his employer. James denied the claim in March, 1984, stating that the injury had occurred before Pepsi became self-insured. Claimant also requested a hearing on that denial. On March 14, 1984, Drs. Buttler and McMahon, chiropractors, sent examination reports to EBI. They had diagnosed a primary, persistent sprain and strain in the upper back with a "spreading syndrome" to the cervical and lumbosacral areas.

Subsequent medical examinations by other physicians indicated that claimant also suffered a carpal tunnel syndrome in a wrist.

EBI was designated as the paying agent under ORS 656.307. That order dealt only with claimant's upper back and specifically excluded EBI's time loss payments for the lower back and the wrist. On May 24, 1984, EBI issued a second denial, this time specifically referring to claimant's low back and wrist:

> "We acknowledge receipt of a formal claim for workers' compensation benefits for your low back and carpal tunnel conditions. At this time, we deny responsibility of the low back condition as it is not an aggravation or continuation of your June, 1980 injury but a new injury. We also deny compensability of your wrist condition as it did not arise out of and in the course and scope of your employment, nor is it related to the June, 1980 injury. In the alternate, we deny responsibility of your wrist condition as it is not a continuation of the June, 1980 injury but a new injury."

Claimant did not file a request for hearing on that denial. James issued six denial letters between May and October, 1984, each denying with increasing precision claimant's wrist and lower back conditions. Claimant requested a hearing on each of those denials.

The requests for hearings and the issue of carrier responsibility were consolidated. The referee concluded that claimant's upper and lower back conditions constituted an aggravation of his 1980 injury and that EBI was responsible. The portion of the claim involving the carpal tunnel condition was dismissed due to insufficient proof. In response to EBI's argument that claimant had failed to make a timely hearing request for his lower back and wrist conditions, the referee held that the failure was due to good cause: "The insurance change, the anatomic diversity of the problems, the sequence of events, number of doctors and complexity of treatments—all contributed to whatever failure, if any, occurred."

The Board affirmed the referee's holding on the responsibility issue with respect to the upper back; however, it reversed the referee's conclusion that claimant had established good cause under ORS 656.319 for his failure to request a hearing challenging EBI's May 24, 1984, denial of the low

back condition.

■    An employer has an obligation to pay interim compensation or to issue a denial within 14 days of receiving a claim. ORS 656.262. A claimant has a corresponding obligation to request a hearing in response to each denied claim in order to place the denial before a referee. ORS 656.319(1). Claimant asserts that the Board erred in treating his lower back condition as an independent claim which was not encompassed in EBI's initial general denial and which was, therefore, included in claimant's hearing request. A key inquiry here, then, is the scope of claimant's original claim and the inclusive elements of any later claims.

■    Acceptance of a claim does not encompass conditions of which the employer had no knowledge or notice at the time of acceptance. *Gregg v. SAIF,* 81 Or App 395, 725 P2d 930 (1986); *Destael v. Nicolai Co.,* 80 Or App 596, 601, 723 P2d 348 (1986); *see Johnson v. Spectra Physics,* 303 Or 49, 733 P2d 1367 (1987). It follows, then, that an employer's denial does not encompass claims or conditions of which the employer had no knowledge at the time of denial. EBI elected to treat a physician's note excusing claimant from work as an aggravation claim. At the time when it issued its initial denial, it had no notice of claimant's lower back condition. The medical records at that juncture documented only the upper back condition.

■    The Board classified Buttler's and McMahon's medical report of March 14 as stating a new and independent claim and a separate claim for aggravation. ORS 656.273. That report provided EBI with its initial notice of the lower back condition. This case is factually different from *Rater v. Pacific Motor Trucking Co.,* 77 Or App 418, 713 P2d 651 (1986), where we concluded that the claimant's medical report was merely "proffered evidence" supporting an existing claim rather than a new and independent claim. There, the contested report merely related additional details regarding conditions and injuries of which the employer was already aware. In this case, the March 14 report stated a new condition, lower back pain, which is not reasonably encompassed by a claim for upper back distress. EBI's second denial on May 24, 1984, was not merely redundant with respect to the lower back, as claimant argues, but fulfilled the insurer's obligation under ORS

656.262. By neglecting to request a hearing within 60 days in response to the second denial, claimant failed to place EBI's denial of the lower back condition in issue, and the referee had no jurisdiction to address the merits of that claim.

■ ■ The remaining question is whether claimant had "good cause" under ORS 656.319(1)(b) for not filing a timely hearing request. "Good cause" means the same kind of "mistake, inadvertence, surprise or excusable neglect" that would also permit relief from a default judgment under ORCP 71B or *former* ORS 18.160. *Brown v. EBI Companies,* 289 Or 455, 616 P2d 457 (1980); *Sekermestrovich v. SAIF,* 280 Or 723, 573 P2d 275 (1977); *Anderson v. Publishers Paper Co.,* 78 Or App 513, 717 P2d 635, *rev den* 301 Or 666 (1986). 176 days expired between the time of EBI's second denial and the date of the hearing before the referee in the present case, which is when claimant requested a hearing on the second denial. Although the number of parties and denials could have produced some confusion, claimant did not contend or prove that confusion caused his failure to submit a timely hearing request. Instead, he presented a legal theory *excusing* the filing of a request, which the Board rejected and which is not before us now.

Claimant bears the burden of showing good cause for failure to file a hearing request. *Cogswell v. SAIF,* 74 Or App 234, 237, 702 P2d 81 (1985). He has failed to meet that burden. The Board properly ruled that the referee lacked jurisdiction to hear the lower back claim.

■ In its cross-petition, EBI argues that claimant's work conditions after the 1982 change of insurers sufficiently contributed to the worsening of his mid- and upper back conditions sufficient to shift responsibility to the self-insured employer. EBI produced several witnesses who testified at length about claimant's duties and general work conditions at Pepsi after the change of insurers. The referee found that "lay evidence establishes that claimant's duties were not as strenuous as claimant stated them to be." The Board apparently concurred in that finding. When the credibility of witnesses is at issue, we give great weight to the observations of the referee, who had the advantage of seeing and hearing the witnesses. *Miller v. Granite Construction Co.,* 28 Or App 473, 559 P2d 944 (1977); *Fredrickson v. Grandma Cookie Co.,* 13 Or App 334, 337-38, 509 P2d 1213 (1973). On *de novo* review we find no

reason to dispute the referee's findings. We agree that claimant's work after 1982 did not contribute to his condition.

Affirmed on petition and cross-petition.