Argued and submitted February 5, affirmed October 26, 1988

In the Matter of the Compensation of
William J. Anderson, Claimant.

ANDERSON,
*Petitioner,*

*v.*

PUBLISHERS PAPER CO.,
*Respondent.*

(WCB No. 82-07774; CA A42755)

763 P2d 398

Robert Udziela, Portland, argued the cause for petitioner. On the brief were Diana Craine, Daniel C. Dziuba, and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Jerald P. Keene, Portland, argued the cause for respondent. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge pro tempore.

JOSEPH, C. J.

Van Hoomissen, J., dissenting.

## JOSEPH, C. J.

Claimant seeks review of a Workers' Compensation Board order dismissing his claim. On remand from this court, the Board ruled that he had not established good cause for failing to request a hearing within 60 days after the denial of his claim.[1] We affirm.

The background facts are in *Anderson v. Publishers Paper Co.,* 78 Or App 513, 515, 717 P2d 635, *rev den* 301 Or 666 (1986), and we will not repeat them here. We remanded for the Board to determine whether claimant's failure to request a hearing on the denial in a timely manner was due to his "mistake, inadvertence, surprise or excusable neglect," as those terms were used in *former* ORS 18.160, now ORCP 71B(1).[2] The Board held that claimant had not sufficiently shown any of the four factors to prove good cause.

■    The burden of establishing good cause for failure to file a request for a hearing in a timely manner is on the claimant. *Naught v. Gamble, supra* n 2; *Cogswell v. SAIF,* 74 Or App 234, 237, 702 P2d 81 (1985). Here, claimant contends that he did not make a timely request for a hearing because employer's physician told him that his condition was unrelated to his compensable injury. He argues that that constitutes good cause.

■    On *de novo* review, we hold that claimant has not met his burden. After working in Wyoming for a different employer, he went to employer's physician, Dr. Button, rather than to Dr. Lawton, who had performed the surgery on his hand and forearm. Button told him that his condition was due to overuse and was related more to his recent employment in the Wyoming oil fields than to his past work at employer.

---

[1] ORS 656.319(1) provides:

"With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a)  A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b)  The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial."

[2] *See Brown v. EBI Companies,* 289 Or 455, 457, 616 P2d 457 (1980); *Naught v. Gamble, Inc.,* 87 Or App 145, 150, 741 P2d 901 (1987).

Claimant said that he went to Button because his physical problems had persisted when he returned to work. We infer from that that he went to employer's doctor because he was dissatisfied with what Lawton had been able to do for him. Button sent a report to employer. On April 30, 1982, claimant signed a certified mail receipt for employer's denial letter and notice of right to request a hearing. He testified that he did not then file a request for a hearing, because "he didn't think he could do anything about it."

Claimant then returned to Lawton, who noted, on May 17, 1982, that the symptoms were related to his original injury. On June 14 and 24, 1982, Lawton reported to employer that claimant's condition was an aggravation of his original compensable injury. The record does not clearly show whether or to what extent Lawton discussed his diagnosis with claimant. However, his chart note of May 17, 1982, combined with the May 26, 1982, notation that claimant had talked with a representative of the carrier, was aware that his claim had been denied and was continuing to have problems, persuades us that claimant knew, or should have known, that his condition was related to his previous injury before 60 days had passed and intentionally did nothing.

On August 24, 1982, claimant contacted an attorney. He filed a request for a hearing three days later, after the 60-day period had expired, but within the 180 days allowed under ORS 656.319. The Board found, and we agree, that claimant received the denial letter, read it, understood it and chose not to act within the 60 days, but not because of Button's advice or because Lawton was involved. His explanations for lack of diligence do not constitute good cause for failure to file a timely claim.

Affirmed.

**VAN HOOMISSEN, J.,** dissenting.

On *de novo* review, I would hold that claimant has shown good cause for failure to file a request for a hearing in a timely manner.