Argued and submitted March 10, reversed on petition for review and remanded; affirmed on cross-petition April 12, 1989

In the Matter of the Compensation of
Charles H. Whiddon, Claimant.

UNITED FOAM CORP.,
*Petitioner - Cross-Respondent,*

*v.*

WHIDDON,
*Respondent - Cross-Petitioner,*

BERTSECH MOBIL et al,
*Respondents - Cross-Respondents.*

(85-14106, 85-14081; CA A46136)

771 P2d 313

Patric J. Doherty, Portland, argued the cause for petitioner - cross-respondent. With him on the brief were E. Kimbark MacColl, Jr., and Rankin, VavRosky, Doherty, MacColl & Mersereau, Portland.

Robert K. Udziela, Portland, argued the cause for respondent - cross-petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary and Conboy, Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents - cross-respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

In this Workers' Compensation case, employer seeks review of a Board decision that claimant's request for a hearing was timely.[1]

On August 29, 1985, employer issued a denial of claimant's aggravation claim and sent it by certified mail to claimant's correct address. The denial was returned unclaimed on September 15, 1985, and was re-sent by ordinary mail on November 7, 1985. The denial was appealed on November 14, 1985, more than 60 days from the date of the original mailing.

The Board held that claimant's request was timely because the denial was mailed and not "delivered." We held in *Cowart v. SAIF,* 86 Or App 748, 740 P2d 249 (1987) and *Giusti Wine Co. v. Adams,* 94 Or App 175, 764 P2d 620 (1988), that the date of mailing, not receipt, starts the running of the 60-day period under ORS 656.319. Because the denial was mailed by certified mail to claimant's address on August 29, 1985, the request was not timely. The only question remaining is whether claimant had good cause for filing a late request for hearing.[2]

Reversed on petition for review and remanded for proceedings not inconsistent with this opinion; affirmed on cross-petition.

---

[1] We do not address petitioner's other assignment of error, because it was conceded at oral argument. Based on that concession, the cross-petition is moot.

[2] ORS 656.319(1)(b) allows a hearing request to be made more than 60 days from denial if:

"[t]he request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial."