Argued and submitted October 14, 1991, affirmed February 26, 1992

In the Matter of the Compensation of
Maria Guerra, Claimant.

Maria GUERRA,
*Petitioner,*

*v.*

SAIF CORPORATION,
Winchell's Donuts,
Liberty Northwest Insurance Corporation
and Denny's, Inc.,
*Respondents.*

(90-14023, 89-23982, 89-23010;
CA A69374)

826 P2d 1034

Robert F. Webber, Medford, argued the cause for petitioner. With him on the brief was Black, Chapman & Webber, Medford.

Adam Stamper, Medford, argued the cause for respondents Liberty Northwest Insurance Corporation and Winchell's Donuts. With him on the brief was Cowling & Heysell, Medford.

Steve Cotton, Special Assistant Attorney General, Salem, waived appearance for respondent SAIF Corporation.

No appearance by respondent Denny's, Inc.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Claimant seeks review of an order of the Workers' Compensation Board that dismissed her request for a hearing under ORS 656.319(1) as untimely. We affirm.[1]

On December 26, 1988, claimant injured her back when she slipped and fell while working. At that time, Winchell's Donuts (employer), was insured by Liberty Northwest Insurance Company (Liberty). Claimant filed a claim with employer and Liberty on July 14, 1989. After Liberty questioned the claim, claimant's attorney called the "Employer's Index"[2] and was told that Crawford & Company (Crawford) was employer's carrier. On July 20, claimant notified Crawford of the claim. On September 13, Liberty requested permission from claimant's attorney to contact claimant for a statement. On September 18, claimant's attorney informed Liberty that a statement would not be necessary, because the claim had been made against Crawford. Also on September 18, claimant filed a request for hearing, naming employer and Crawford as parties and alleging that Crawford was not processing the claim in accordance with OAR 438-07-015. On September 22, Liberty denied the claim.

In October, claimant withdrew her request for hearing, and Crawford corresponded with claimant's attorney. On November 13, claimant filed another request for hearing, naming Crawford as the insurer. Accompanying it was a specification of issues that said that the reason for the request was "failure to pay interim [temporary total disability]." On November 29, claimant filed a request for hearing that, for the first time, designated Liberty as the insurer. The request raised Liberty's September 22 denial as an issue. The November 29 request for hearing on the denial was made more than 60 days after the denial. On December 5, Crawford also denied the claim.[3]

---

[1] Denny's, Inc. was named as a party by mistake but was never formally dismissed as a party. It has taken no part in this proceeding.

[2] The "Employer's Index" is a function of the Department of Insurance and Finance consisting of records of workers' compensation insurance carriers for various employers.

[3] Crawford was not a party before the Board and we ordered that judicial review proceed without it being made a party.

Claimant argued that the November 13 request for hearing, showing Crawford as insurer, was timely under ORS 656.319(1) in regard to the first denial. The Board held:

"In the present case, claimant argues that the November 13, 1989 request for hearing was within 60 days of Liberty's September 22, 1989 denial. Although we agree that the request was made within 60 days, we do not agree that the request constituted an effective request for hearing from Liberty's denial.

"The November 13 request for hearing specified Crawford & Company as the employer's insurer. The request did not raise compensability as an issue and did not refer to Liberty's denial of compensability. On the other hand, the November 29, 1989 request for hearing clearly was a request in response to Liberty's denial of compensability. The November 29 request specified that Liberty was the employer's insurer and the request for hearing was being made against the September 22 denial of compensability.

"A claimant is required to request a hearing in response to each denied claim in order to place the denial before the Referee. *See Naught v. Gamble, Inc.*, 87 Or App 145[, 741 P2d 901] (1987). Here, claimant is not entitled to rely upon her November 13 request for hearing against Crawford and Company as an effective request for hearing from Liberty's denial. *See Richard S. Olson*, 43 Van Natta [657 (1991)]. We, therefore, conclude that claimant's November 29, 1989, request for hearing from Liberty's September 22 denial was untimely."

We review for errors of law and substantial evidence. ORS 183.482(8).

Claimant argues that ORS 656.283(3) is controlling and does not require that a request for a hearing correctly name the insurer or specify the issues; therefore, because her November 13 request complies with ORS 656.283(3), it was timely under ORS 656.319(1). Liberty argues that, under ORS 656.262(8), a request for hearing filed because of Crawford's failure to pay interim temporary disability benefits is not a request for hearing on its denial of the claim.

ORS 656.319(1)(a) provides:

"With respect to *objection by a claimant to denial of a claim* for compensation under ORS 656.262, a hearing

thereon shall not be granted and the claim shall not be enforceable unless:

"(a)   A request for hearing is filed not later than the 60th day after the claimant was notified *of the denial* * * *." (Emphasis supplied.)

ORS 656.262(8) (*since amended by* Or Laws 1990, ch 2, § 15)[4] provided:

"If an insurer * * * denies a claim for compensation, written notice of such denial, stating the reason for the denial, and informing the worker of the Expedited Claim Service and of hearing rights under ORS 656.283, shall be given to the claimant. * * * The worker may request a hearing *on the denial* at any time within 60 days after the mailing of the notice of denial." (Emphasis supplied.)

ORS 656.283(3) provides:

"A request for hearing may be made by any writing, signed by or on behalf of the party and including the address of the party, requesting the hearing, stating that a hearing is desired, and mailed to the board."

■      The Board is entitled to some deference in its interpretation of ORS 656.319(1)(a), ORS 656.283(3) and ORS 656.262(8), so long as the interpretation is consistent with the legislature's purpose and with the Board's own rules. *See 1000 Friends of Oregon v. LCDC (Lane Co.)*, 305 Or 384, 390-91, 752 P2d 271 (1988).

■      Regarding ORS 656.283(3), the Board has promulgated OAR 438-05-070, which provides:

"Proceedings before the Hearings Division are begun by filing a request for hearing meeting the requirements of ORS 656.283. The request for hearing should be on a form prescribed by the Board. In addition to the information required by ORS 656.283(3), the person requesting a hearing should include the person's full name, the name of the injured worker if different from that of the person requesting the hearing, the injured worker's social security account number, the date of the injury or exposure, the name of the employer and its insurer, if any, and the claim number. A

---

[4] Because claimant filed a request for hearing before May 1, 1990, and a hearing was convened before July 1, 1990, this case is to be determined pursuant to the law in effect before July 1, 1990. Or Laws 1990, ch 2, § 54(2).

copy of the request should be mailed to the insurer or self-insured employer."

Claimant does not attack the validity of the rule. Although its language is not mandatory, its intent is to provide for the identification of the subject matter of requests for hearing under ORS 656.283(3). Under the rule, the November 13 request for hearing was deficient, because it does not identify the date of denial, the claim number or Liberty as the insurer. More importantly, a specification of issues was also filed with it that named Crawford as the insurer and listed the failure of Crawford to pay temporary total disability as an issue.

We have said, in a different context, that a claimant has an obligation to request a hearing in response to each denied claim. *See Naught v. Gamble, Inc.*, 87 Or App 145, 149, 741 P2d 901 (1987). When read together, ORS 656.319(1) and 656.262(8) evince a legislative intent that a request for hearing be referable to a particular denial, and ORS 656.283(3), as implemented by OAR 438-05-070, provides the procedural framework to accomplish that objective. The Board's holding is not inconsistent with the legislature's purpose in promulgating the statutes, and we accept the Board's interpretation. Moreover, the Board's decision is supported by substantial evidence that the November 13 request for hearing was directed at Crawford's failure to pay temporary total disability and not at Liberty's denial of the claim.

■ Claimant next argues that the Board erred in finding that she lacked good cause for filing her request for hearing more than 60 but less than 180 days after the notice of denial. ORS 656.319(1)(b). The Board's findings[5] are supported by

---

[5] The Board said:

"The test for determining if good cause exists has been equated to the standard of 'mistake, inadvertence, surprise or excusable neglect' recognized under ORCP 71B(1) and *former* ORS 18.160. *Anderson v. Publishers Paper Co.*, 78 Or App 513, 517[, 717 P2d 635], *rev den* 301 Or 666 (1986). Lack of diligence does not constitute good cause. *Cogswell v. SAIF*, 74 Or App 234, 237[, 702 P2d 81] (1985). Claimant has the burden of proving good cause. *Id.*

"Claimant contends that she has shown good cause for her untimely filing. Claimant argues that she relied upon information provided by the Employer's Index that Crawford & Company was the appropriate carrier, which led her to initially request a hearing against Crawford, rather than Liberty. We do not agree that claimant's reliance in this case constitutes good cause. Under the circumstances, claimant's reliance upon the Index might have provided an

substantial evidence, and its decision that the circumstances do not constitute good cause is not erroneous as a matter of law.

Affirmed.

---

explanation for a delay in the *filing* of her claim, but it does not provide a reasonable explanation for a delay in requesting a hearing.

"Here, claimant was aware of Liberty's September 22 denial, but did not request a hearing from that denial until November 29. In addition, in October, claimant was contacted by Crawford, who reported that they could not identify the injury, did not have a file established and would continue to investigate claimant's case. We conclude that claimant's lack of due diligence does not constitute good cause for her untimely request for hearing. Accordingly, we lack jurisdiction to reach the issue of compensability of her claim against Liberty." (Emphasis in original.)