Argued and submitted July 27, affirmed October 19, 2011

In the Matter of the Compensation of
Christopher J. Snyder, Claimant.

Christopher J. SNYDER,
*Petitioner,*

*v.*

INTERSTATE DISTRIBUTOR CO.,
*Respondent.*

Workers' Compensation Board
0903821; A145865

265 P3d 45

Allison B. Lesh argued the cause and filed the brief for petitioner.

Courtney C. Kreutz argued the cause and filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board. The order rejected his contention that he had "good cause" for missing the deadline to request a hearing on employer's denial of his claim. We conclude that the board did not abuse its discretion, and we therefore affirm.

The facts are undisputed. Claimant is a long-haul truck driver who has worked for employer for 11 years. At one time, claimant lived in Myrtle Point, Oregon, but in November of 2008, he moved to Bandon. On April 19, 2009, claimant injured his fingers while engaging in a martial arts exercise for relaxation while he was waiting for a load. Claimant went to the emergency room for treatment and ultimately underwent surgery on two of his fingers.

Claimant completed and signed a State of Washington claim form, providing his correct address in Bandon. On April 24, 2009, employer completed on claimant's behalf an Oregon notice of injury (an "801 Form") describing claimant's hand injury. The form listed claimant's former Myrtle Point address.

On May 4, 2009, employer's insurer denied the claim and mailed a copy of the denial to claimant at the Myrtle Point address. The notice was returned to employer as undeliverable, with no forwarding address. On May 7, employer's insurer sent a second notice to the Myrtle Point address by certified mail, and that too was returned to employer as not deliverable. Meanwhile, on May 7, 2009, and May 9, 2009, employer's insurer received medical bills showing claimant's correct mailing address, but the insurer did not update its records or send a notice of denial to claimant's correct address.

A request for hearing on a claim denial must be filed no later than the sixtieth day after the mailing of the denial to the claimant, unless the claimant can establish that he had "good cause" to miss that deadline, in which case he has 180 days from the mailing. ORS 656.319(1). The board found, and claimant does not dispute, that the day of mailing was May 7. The sixtieth day after that was July 6, 2009. Claimant

testified that he first received actual notice of the denial at the end of June or the first of July after returning from a work trip[1] and that, on July 7, 2009, the sixty-first day after mailing, he filed his request for hearing. That filing was too late unless claimant could establish "good cause" for missing the deadline.

The "good cause" standard has been equated with the standard of "mistake, inadvertence, surprise or excusable neglect" recognized under ORCP 71 B(1), *Sekermestrovich v. SAIF*, 280 Or 723, 573 P2d 275 (1977), and the burden of establishing good cause falls on the claimant, *Cogswell v. SAIF*, 74 Or App 234, 237, 702 P2d 81 (1985). "Good cause" as used in ORS 656.319 is considered to be a delegative term, and this court reviews the board's good cause determination for an abuse of discretion. *Ogden Aviation v. Lay*, 142 Or App 469, 476, 921 P2d 1321 (1996). This court has said that a claimant's lack of diligence in responding to a denial does not constitute "good cause." *Cogswell*, 74 Or App at 237.

Employer filed a motion to dismiss claimant's request for hearing, contending that the request was untimely because it had been filed more than 60 days from the date of mailing of the denial. Claimant acknowledged that the hearing request had not been filed within the 60 days, but he asserted that, because employer mailed the notice of denial to the wrong address, through no fault of his own, claimant did not learn of the denial until the end of June or the first of July and, therefore, had good cause for not filing the hearing request within 60 days of the denial. Claimant asserted further that he should not be held responsible for employer's failure to take note of claimant's correct address as it came through on medical bills.

The ALJ agreed with claimant, but the board did not. The board concluded that claimant had failed to establish good cause for not filing the claim within 60 days. The board explained:

---

[1] The record does not indicate how claimant learned that his claim had been denied.

"As noted, a notice of the denial sent by certified mail was returned by the Post Office to the employer as undeliverable at the Myrtle Point address. Claimant acknowledges that he previously lived at that address and he does not contend that he provided the employer with a subsequent mailing address.

"Claimant's *lack of diligence in notifying the employer of his current address* does not constitute 'good cause' for his late request for hearing. *See Gerardo Ramirez*, 54 Van Natta 2252, 2254 (2002) ('good cause' not established where the claimant did not receive the denial because he moved without notifying the insurer of his new address or arranging with the Post Office to have his mail forwarded); *Charles R. Fritz*, 43 Van Natta 403, 404 (1991) (same). Accordingly, because claimant has not established 'good cause' for his late hearing request, his request must be dismissed."

(Emphasis added.) Thus, citing two of its own cases, the board held that claimant's failure to provide employer with his new address at the time he moved to Bandon was a "lack of diligence" that prevented him from establishing good cause. The board also noted in a footnote that claimant acknowledged having actually received the notice of denial by late June or early July, within the 60-day period, but had not provided any explanation as to why he waited until July 7 to request a hearing.

On judicial review, claimant assigns error to the board's dismissal of his claim as untimely, asserting that he has established good cause for not filing a timely request for hearing.[2] Claimant acknowledges that the record is silent as to whether he provided an updated address to employer when he moved from Myrtle Point to Bandon, but he contends that, contrary to the two Workers' Compensation Board cases cited by the board, that silence does not establish a "lack of diligence" on claimant's part with respect to the request for hearing.

---

[2] We note that, although claimant argued before the board that he should not be held accountable for employer's processing errors, he did not contend and does not contend on judicial review that, because the notice of denial was sent to the wrong address, it was ineffective and for that reason did not trigger the 60-day period for requesting a hearing under ORS 656.319(1). His only contention on review is that the circumstances constitute "good cause."

We agree with claimant that the board's "lack of diligence" analysis is incorrect. The lack of diligence that will defeat a showing of "good cause" for an untimely request for hearing is a lack of diligence in requesting a hearing on the denial of the claim. *Cogswell*, 74 Or App at 237. Claimant's apparent failure to provide employer with his most current address before there had been an injury or an injury claim was not a lack of diligence in requesting a hearing on a denied claim.

However, as the board also noted, claimant received actual notice of the denial before the 60 days had expired and did not offer any reason for why he did not respond within the 60 days. On that basis, and in consideration of our "abuse of discretion" standard of review, we conclude that the board did not err.

Affirmed.