498 P.2d 801 (1972)
In the matter of the Compensation of Elva Scott FULOP, Claimant.
Elva Scott Fulop, Appellant,
v.
Oregonian Publishing Company, Respondent.
Court of Appeals of Oregon, Department 2.
Argued and Submitted May 30, 1972.
Decided June 23, 1972.
*802 Nels Peterson, Portland, argued the cause for appellant. With him on the brief were Peterson, Chaivoe & Peterson, Portland.
Ridgway K. Foley, Jr., Portland, argued the cause for respondent. With him on the brief were Robert E. Joseph, Jr., Michael D. Hoffman, and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.
Before SCHWAB, C.J., and LANGTRY and THORNTON, JJ.
SCHWAB, Chief Judge.
In this workman's compensation appeal, the hearing officer found and the Workmen's Compensation Board and circuit court agreed that claimant had not established "good cause" for failing to request a hearing within 60 days of denial of the claim by the alleged employer as required by ORS 656.319(2) (a).[1]
The alleged employer denied the claim in a letter received by claimant's counsel on November 4, 1970, and received by claimant sometime in December 1970.[2] Claimant's counsel, on his own initiative, then filed a request for a hearing on March 30, 1971, more than 140 days after receipt by him of the denial.
On appeal claimant contends that "good cause" was established for not requesting a hearing within 60 days after denial of her claim due to:
(1) The suspension of her civil and political rights, pursuant to ORS 137.240(1) between October 29, 1970 and February 16, 1971, because of a felony conviction; and
(2) "* * * her invalid condition, different places of residence and inability to communicate with her attorney."
The hearing officer concluded:
"I am not inclined to accept everything claimant says as true but * * * I am persuaded * * * that she was convicted as alleged and that her civil rights were under suspension pursuant to ORS 137.240 * * *. Thus, claimant was unable to exercise her right to request a hearing during the 60-day period allowed * * *."
There is nothing in the record to indicate that from October 29, 1970 until February 16, 1971 claimant's felony conviction for which she was not imprisoned was the reason for her failure to file.[3] In an answer to the employer's motion to dismiss her hearing request, physical and emotional incapacity, and inability to confer with her attorneys were the reasons given for the untimeliness of claimant's filing. No mention was made of the felony conviction.
The evidence here does not support claimant's contentions that her physical and mental condition excused the late filing.
The evidence here is that while claimant was seriously injured, her condition did not *803 prevent her from making at least six major changes of residence from May 1970 to April of 1971, including a trip with her family and possessions to Abilene, Texas. Claimant herself testified that she was able to write letters and in fact did communicate several times in writing with her counsel  once in late October 1970 when she signed and returned a claim form to her counsel. Claimant also had and was able to use a telephone. Finally, her husband, a long-distance trucker, was home at times and took claimant out to get "vital necessities." These factors demonstrate claimant's capacity to pursue matters she deemed important even though confined to a wheelchair.
The record demonstrates that claimant and her counsel had adequate opportunities for timely consultation.
Affirmed.
NOTES
[1] ORS 656.319(2) (a) reads:

"(2) Notwithstanding the provisions of subsection (1) of this section:
"(a) With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless (A) a request for hearing is filed not later than the 60th day after the claimant was notified of the denial or (B) the request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial."
[2] The record is not clear as to exactly when this letter was received by claimant. Mr. Lesage, an employe of the defendant, testified that he had mailed this denial twice by certified mail to the claimant, and once by regular mail. The first certified letter was returned unclaimed, and the second was returned a few weeks later as refused. She apparently received the notice sent by regular mail.
[3] Further civil rights are not suspended while the convicted felon is on probation as was claimant. ORS 137.240(2).