Argued August 25, affirmed September 20, reconsideration denied
October 27, review denied December 7, 1976

WAMSHER, *Appellant,*
*v.*
BROOKS PRODUCTS, INC. et al, *Respondents.*
(No. 423390, CA 5892)
554 P2d 573

*C. Rodney Kirkpatrick,* Portland, argued the cause
and filed the brief for appellant.

*Ridgway K. Foley, Jr.,* Portland, argued the cause
for respondents. With him on the brief were Souther,
Spaulding, Kinsey, Williamson & Schwabe and
Michael D. Hoffman, Portland.

Before Schwab, Chief Judge, and Fort and Tanzer, Judges.

PER CURIAM

## PER CURIAM

The issue here is whether claimant demonstrated good cause under ORS 656.319[1] for his delay in requesting a hearing after his employer's insurance company denied his claim for compensation for a disability to his right shoulder. We agree with the Workmen's Compensation Board and the trial judge that claimant did not demonstrate good cause. We adopt the opinion of the Board which reads in pertinent part:

"\* \* \* \* \*

"On August 16, 1974 claimant filed a report of injury with the employer contending he had sustained an injury to his shoulder due to the constant use of his right arm in his work for many years. The claim was denied on August 30, 1974 by the carrier and on November 4, 1974 claimant sent a letter to the carrier requesting a hearing on the denial. The carrier by letter advised claimant to request a hearing by writing to the Workmen's Compensation Board. Compliance Division of the Board received a photocopy of the November 4 letter to the carrier on November 14 and the Board received a copy on December 19, 1974.

"The employer filed a motion to dismiss for failure to file a request for hearing within the 60 day limitation of ORS 656.262(2) and 656.319(2) (a); this was denied by Referee Foster on January 7, 1975 and a hearing was held on February 24, 1975.

"The issues before the Referee were whether claimant had shown good cause for his failure to comply with the 60-day requirement and whether claimant has sustained his burden of proving that his current shoulder condition was causally related to his employment.

---

[1]

"With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a) A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b) The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial." ORS 656.319(1).

"The claimant admitted, in effect, that he failed to comply with the 60-day limitation provided in the aforementioned statutes, therefore, the burden was upon claimant to show that there was good cause for his failure to file within this period. The Referee concluded that because claimant was uncertain as to whether his shoulder injury was caused by prior bullet wound received during the Korean War or due to his industrial injury, his failure to file within the 60-day period was justified and claimant had shown good cause for his failure.

"The Referee further concluded that the preponderance of the medical evidence revealed claimant had a pre-existing service-connected right shoulder condition which was aggravated by claimant's work as a molder; the employer takes the employee as he finds him, therefore, the employer was responsible for this aggravated condition.

"The Board, on de novo review, disagrees with the Referee's conclusion that claimant had established good cause for his failure to request a hearing on the denial of his claim within 60 days. The evidence indicates claimant read the clause at the bottom of the letter of denial indicating he had 60 days within which to appeal but simply did not keep track of the time. From the date of the denial until claimant filed his request for hearing there had been no medical reports indicating a change in claimant's condition which would interfere with claimant's inability to request a hearing nor were there other events or occurrences in the life of claimant or his family which would divert his attention from the running of the appeal period.

"In *Fulop v. Oregonian Publishing Company,* 10 Or App 1, [498 P2d 801 (1972),] the Court of Appeals found that good cause had not been established for failure to comply with the 60-day requirement although claimant was an invalid confined to a wheelchair and was under suspension of her civil and political rights because of a felony conviction during that period; also she had made, during that period of time, six major changes of residence. In the instant case claimant had far fewer physical limitations and had no preoccupation with moving, working, or other difficulties. He simply disregarded or failed to pay sufficient attention to the

running of the 60-day period. The Board does not feel that claimant has shown good cause for his failure to file a request by the 60th day after notification of denial and, therefore, was not entitled to a hearing.

"Inasmuch as claimant has not shown good cause for his failure to comply with the requirements of ORS 656.262(6) and 656.319(2)(a), the issue of compensability is moot."

Affirmed.