Argued and submitted December 18, 1985, reversed and remanded September 10, Voorhies' reconsideration and Wood, Tatum, Mosser's reconsideration denied November 7, both petitions for review denied December 3, 1986 (302 Or 342)

In the Matter of the Compensation of
Peter G. Voorhies, Claimant.

VOORHIES,
*Petitioner,*

*v.*

WOOD, TATUM, MOSSER,
BROOKE & HOLDEN et al,
*Respondents.*

(82-04559; CA A35591)

725 P2d 405

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Deborah L. Sather, Portland, argued the cause for respondents. With her on the brief was Moscato & Byerly, Portland.

Before Richardson, Presiding Judge, and Warden and Newman,* Judges.

* Newman, J., *vice* Joseph, C. J.

NEWMAN, J.

## NEWMAN, J.

Claimant seeks reversal of a Workers' Compensation Board order which affirmed the referee's dismissal of claimant's request for a hearing on the ground that it was untimely filed. His only assignment of error that merits discussion is that the referee erred in not excusing his late filing on the basis of "good cause."[1]

Claimant, a partner in respondent law firm, was seriously injured in a car accident while driving to see a client about a legal matter. He filed a workers' compensation claim, which respondent insurer denied. He remained hospitalized for five weeks after the denial letter was received at his home, but he was made aware of the denial during that time. After his release from the hospital, he spent several more weeks undergoing intensive physical therapy. He was barely ambulatory and had to be transported in the back of a station wagon, because he could not sit upright.

Realizing that the 60-day period for requesting a hearing was about to end, he prepared to have his wife drive him to Salem to file his hearing request personally. After one of his daily physical therapy sessions, he and his wife stopped at the office of insurer's agent to deal with matters pertaining to the damaged car. While there, he talked with insurer's claims supervisor, who believed that the 60-day period had already ended. Claimant disagreed. He was given to understand by the claims supervisor that, if the period had not already expired, it would be sufficient to protect his rights if he mailed the request on the 60th day. Claimant and his wife were relieved that they would not have to drive to Salem. After leaving the agent's office, claimant drafted a letter requesting a hearing and immediately mailed it by certified mail. The Board received the letter the next day—61 days after claimant had been notified of the denial.

A claimant has 60 days to request a hearing, or 180 days if good cause for the failure to request within the 60 days

---

[1] The referee found that claimant had proved that the claim was compensable, but the order dismissed the claim. Our reversal of the dismissal compels a remand for hearing.

is shown. ORS 656.319(1).[2] The referee reasoned that neither claimant's medical condition nor his reliance on the claims supervisor's advice constituted good cause for failure to file a timely request. On review, the Board adopted that portion of the referee's opinion. We disagree.

The test for determining if good cause exists has been equated to the standard of "mistake, inadvertance, surprise or excusable neglect" recognized under *former* ORS 18.160 and present ORCP 71B(1). *Anderson v. Publishers Paper Co.,* 78 Or App 513, 517, 717 P2d 635, *rev den* 301 Or 666 (1986); *see also Brown v. EBI Companies,* 289 Or 455, 616 P2d 457 (1980).

"[T]he courts are liberal in granting relief [under ORS 18.160], for the policy of the law is to afford a trial upon the merits when it can be done without doing violence to the statute." *Wagar v. Prudential Ins. Co.,* 276 Or 827, 833, 556 P2d 658 (1976).

The referee's opinion stated that this case is

"[n]ot unlike the cases of *Wamsher v. Brooks Products,* 26 Or App 835, 554 P2d 573 (1976), and *Fulop v. Oregonian Publishing Co.,* 10 Or App 1, 498 P2d 801 (1972), in which the claimants read and understood the appeal clauses, but neglected to keep track of the appeal time, until it was too late."

Those late filings were not excused. In this case, however, claimant did not neglect to keep track of the appeal time. He knew that he had 60 days and he knew that, although he had reached the end of that period, it had not yet expired. He was prepared to deliver his hearing request personally to the Board's office on time. He accepted the claims supervisor's statement that mailing on the 60th day would be sufficient to

---

[2] ORS 656.319(1) provides:

"(1) With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a) A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b) The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial."

protect his rights.[3] It was reasonable to do that and be relieved of the physical burden of having to drive to Salem. Unlike the claimants in *Fulop* and *Wamsher,* this claimant did not lose track of the appeal time. His untimely filing occurred only as a result of the method of delivery. *Wamsher* and *Fulop* are not controlling.

Respondents also argue that claimant offers no good excuse for not mailing the hearing request earlier in the 60-day period. He was entitled to 60 days in which to file, and that right is no less valid on the 60th day than on any of the previous 59 days. The question is whether the failure to file on the 60th day is excused by good cause. Had the claims supervisor not given him the erroneous information that mailing was sufficient, it is unchallenged that he would have hand-delivered the request within the 60-day period. When the failure to meet a filing deadline is not accompanied by a lack of diligence or prejudice to the other party, then the spirit of the Workers' Compensation Law demands that a claimant have a hearing on the merits. *See* ORS 656.012(2)(b). His failure to file on the 60th day is excused by good cause.

Reversed and remanded with instructions to grant claimant a hearing on the denied claim.

---

[3] The referee's opinion stated:

"The parties dispute the substance of this conversation, but I find the discrepancies were due to faulty memories, especially on the part of the supervisor, Mr. Robinson. I therefore find that claimant's wife was present during part of the conversation and that Mr. Robinson, in discussing the appeal of the denial, gave claimant the impression that mailing a request for hearing, as opposed to personally delivering the request for hearing to the Salem office of the Workers' Compensation Board, would be sufficient to protect claimant's appeal rights. I also find that, during the discussion, the timeliness of the appeal rights was discussed and the claims representative informed the claimant that there may be a problem with the timeliness of the appeal. Based on his interpretation of the claims representative's statements, claimant and his wife were relieved they did not have to drive to Salem to file their appeal."