382 S.E.2d 531

Kermit HOLDREN

v.

**WORKERS' COMPENSATION COM-MISSIONER and Cannelton Industries, Inc.**

No. 18615.

Supreme Court of Appeals of West Virginia.

June 8, 1989.

Dissenting Opinion Aug. 2, 1989.

---

Thomas G. Truman, Meadows, Crews & Truman, Chesapeake, for Holdren.

---

Jeff C. Woods, Jackson & Kelly, Charleston, for Cannelton Ind.

BROTHERTON, Chief Justice:

This proceeding involves an appeal by the claimant, Kermit Holdren, from the April 15, 1988, order of the Workers' Compensation Appeal Board, which affirmed the August 12, 1987, final order of the Workers' Compensation Commissioner rejecting the claimant's application for occupational noise-induced hearing loss benefits as untimely filed.

The claimant last worked for Cannelton Industries on July 29, 1982. He did not file his claim for hearing loss benefits until September 6, 1985, when an audiogram and report was completed by Dr. Carl Rosenberg. On December 3, 1985, the Commissioner rejected the claimant's application for benefits, stating that the application had not been filed within three years from and after the date he was last exposed to industrial noise or three years from and after the date he should reasonably have known that his hearing loss was due to industrial noise exposure. The Commissioner also noted that no affidavit had been filed showing good cause for the late filing pursuant to *Bailey v. State Workers' Compensation Commissioner,* 170 W.Va. 771, 296 S.E.2d 901 (1982).

The claimant protested that ruling and filed an affidavit, stating that he was unaware of both the three-year statute of limitations and that he could file an application for hearing loss benefits. He also stated in the affidavit that he was unaware of the fact that he suffered from a hearing loss consistent with prolonged exposure to industrial noise until he was informed by Dr. Rosenberg at the New River Breathing Center.

The claimant testified at a discovery hearing held on March 5, 1986. Contrary to his affidavit, the claimant testified that:

Q. Mr. Holdren, as I understand it, you first noticed problems with your hearing about ten years ago, back while you were still working?

A. Yeah.

Q. Did you, were you exposed to any noise while you were working at Cannelton?

A. Oh, yes.

Q. Did you suspect that the problem with your hearing was due to the noise of the machinery at work?

A. Yes. I figured it contributed to it a lot.

The claim was then submitted for a decision. On August 12, 1987, the Commissioner affirmed the rejection order. The claimant appealed.

By order dated April 15, 1988, the Workers' Compensation Appeal Board affirmed the Commissioner's final rejection order. Specifically, the Appeal Board found that it was apparent from the claimant's testimony that the claimant believed, as early as 1976 and as late as 1981, that his employment in the colliery industry and exposure to noise in his employment had contributed to his hearing loss. The Appeal Board then noted that:

The claimant seems to urge on appeal, despite the date on which he knew or should have known that he had an occupationally related hearing loss, that he has filed a timely application for benefits because he filed within three years from and after the date he was advised by a physician that he had a compensable hearing loss. Under the claimant's interpretation, a claimant could not file an untimely application for benefits. ... Given the fact that the claimant's application was not filed until September of 1985, the application simply was not timely filed within the meaning of W.Va. Code § 23–4–15.

This proceeding is the claimant's appeal from the Appeal Board's ruling.

On appeal, the parties ask this Court to determine what constitutes timely filing of an application for an occupational disease under W.Va.Code § 23–4–15 (1988).[1] For

*Greiner, supra,* note 13, 178 W.Va. at 485, 360 S.E.2d at 560.

**1.** Although this case was filed prior to the 1986 amendments to Chapter 23 of the West Virginia Code, we have cited the 1988 edition of W.Va. Code § 23–4–15 because the amendment did not change that portion of W.Va.Code § 23–4–15 (1985) referred to in this opinion.

the reasons stated below, we hold that the claimant failed to file a timely application for benefits, but find that the late filing was excused under our decision in *Bailey v. State Workmen's Compensation Commissioner,* 170 W.Va. 771, 296 S.E.2d 901 (1982).

It is generally accepted that the purpose of time limitations in filing workers' compensation claims is to provide notice and to enable the employer to protect himself by prompt investigation and treatment of the injury.[2] In the treatise, *Workmen's Compensation Law,* Professor Arthur Larson remarks that the purpose of the notice and claim period was "the same as that of any limitations statute: to protect the employer against claims too old to be successfully investigated and defended." [3] *Id.* at § 78.-10. In fact, Larson reports that a statute of limitations proceeds on the general theory that a claimant forfeits his rights "when he inexcusably delays assertion of them...." *Id.* at § 78.42(b).[4]

In order to file a timely claim for occupational disease benefits, W.Va.Code § 23-4-15 sets out three possible dates by which a claimant must file his application for benefits.[5] In part, W.Va.Code § 23-4-15 (1988) provides:

> [t]o entitle any employee to compensation for occupational disease other than occupational pneumoconiosis under the provisions hereof, the application therefor must be made ... and filed in the office of the commissioner within three years from and after the day on which the employee was last exposed to the particular occupational hazard involved or within three years from and after the employee's occupational disease was made known to him by a physician or which he should reasonably have known, whichever shall last occur....

The appellant contends that W.Va.Code § 23-4-15 is clear and unambiguous, and thus our analysis is not subject to statutory construction through an inquiry into legislative intent. Syl. pt. 1, *Tanner v. Workers' Compensation Commissioner,* 176 W.Va. 427, 345 S.E.2d 29 (1986). To the contrary, a cursory review of the statute makes it obvious that W.Va.Code § 23-4-15 is anything but unambiguous. As illustration, we point to the disparate interpretations afforded the statute by the parties to this action. Consequently, we turn to the principles of statutory construction for aid in interpreting W.Va.Code § 23-4-15.

In syllabus point 1 of *Smith v. State Workmen's Compensation Commissioner,* 159 W.Va. 108, 219 S.E.2d 361 (1975), this Court held that "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." After noting that W.Va.Code § 23-4-3(a) (1931) was not clear on its face, this Court quoted *Spencer v. Yerace,* 155 W.Va. 54, 180 S.E.2d 868, 872 (1971), as stating that:

> In the construction of statutes, it is the legislative intent manifested in the statute that is important and such intent must be determined primarily from the language of the statute.... In ascertaining the legislative intent, effect must be given to each part of the statute and to the statute as a whole so as to accomplish the general purpose of the legislation.

159 W.Va. at 115, 219 S.E.2d at 365. Since we find that W.Va.Code § 23-4-15 is, on its face, ambiguous, we must examine the language of the statute to determine the legislative intent.

From an examination of the entire statute, we can only conclude that the legislative intent was to limit the time period in

---

**2.** 3 Larson, *Workmen's Compensation Law* § 78 *et seq.* (1988).

**3.** It is interesting to note that the West Virginia statute is unusually generous in providing a three-year period in which to file a workers' compensation claim following an injury, as Larson reports that the period is usually one or two years. 3 Larson, *supra,* § 78.10 at 103-04.

**4.** Larson also notes that "[i]n the absence of an express legislative provision, failure to give timely notice of injury to the employer is a bar to recovery regardless of lack of prejudice." 3 Larson, *supra,* § 78.32(a).

**5.** *See* 3 Larson, *supra,* § 78.10 for a discussion of notice and claim provisions and limitation periods.

which a claimant can file a claim for benefits.[6] Our interpretation is reinforced by a careful review of W.Va.Code § 23–4–15, which provides, in pertinent part, that a claim will be filed:

> [w]ithin three years from and after the day on which the employee was last exposed to the particular occupational hazard involved or *within three years* from and after the employee's occupational disease is made known to him by a physician *or* which he should reasonably have known, whichever shall last occur.... (emphasis added.)

It is crucial to note that of the three relevant phrases, only two are prefaced by the words "within three years." By contrast, the third and final phrase is not modified by any language providing a time frame, but rather is set out independent of the first two phrases. This simple but important distinction in the language of the statute leads us to believe that the legislature intended that the second and third phrases be considered as two parts of a single element, thus creating only two possible dates in the ultimate formula for triggering the statute—the date of last exposure and *either* the date of the physician's diagnosis *or* the date the claimant should reasonably have known of the occupational disease.[7]

We disagree with the appellant's contention that W.Va.Code § 23–4–15 should be interpreted as containing three separate dates after which the three-year filing period would begin to run.[8] Under the appellant's approach, a claimant could delay filing a claim years past the date of last exposure or the date he knew of the existence of an occupational disease simply by delaying his visit to a physician until he was ready to file a claim. Such an interpretation would erode the purpose of the filing statute until the elements of notice and fair play inherent in the timeliness issue are nonexistent. We cannot believe the legislature intended such a result.

Nor does the language of W.Va.Code § 23–4–15 suggest, as the claimant urges, that the latest occurring date between the second and third phrases must necessarily apply. Such a conclusion would create the same result as if the three phrases discussed above were three equal possibilities. Surely if the legislature had intended the third phrase to be independently modified by "whichever shall last occur," it would have moulded the third phrase as a separate and distinct date for triggering the start of the three-year limitations period as it did with the first two phrases.

■ We believe the only way to afford the legislature's purpose any force and effect is to interpret the statute as having two possible dates which trigger the running of the statute, of which the last occurring will be used. One of these dates will be the date of last exposure. The second

---

**6.** This Court previously noted " '[t]hat which is necessarily implied in a statute, or must be included in it in order to make the terms actually used have effect, according to their nature and ordinary meaning, is as much a part of it as if it had been declared in express terms.' Syllabus point 14, *State v. Harden,* 62 W.Va. 313, 58 S.E. 715 (1907)." Syllabus point 4, *Smith v. Workmen's Compensation Commissioner,* 159 W.Va. 108, 219 S.E.2d 361 (1975).

**7.** For the sake of clarity, this interpretation would be diagramed as follows:

The claimant must file for benefits within three years from either:
(1) the date the claimant was last exposed to the occupational hazard;
or
(2) the earliest occurring of either
a. the date the claimant was advised of the existence of the occupational disease by a physician,

or
b. the date the claimant should reasonably have known of the existence of the occupational disease;
Whichever shall last occur between (1) and (2).

**8.** Under the appellant's interpretation, the statute would break down as follows:

The claimant must file a claim for benefits within three years from:
(1) the date the claimant was last exposed to the particular occupational hazard; *or*
(2) the date the claimant was advised by a physician of the existence of the occupational disease; *or*
(3) the date the claimant should reasonably have known of the existence of the disease; Whichever shall last occur.

possible date will be the earlier of either the date the claimant was advised of the occupational disease by a physician or the date the claimant should reasonably have known of the existence of the occupational disease.[9] Any other interpretation would, in effect, make it virtually impossible for a claimant to file an untimely application for benefits as long as he delayed visiting a physician, regardless of when he knew of the existence of the disease.

With the above stated interpretation clearly in mind, we hold that the Appeal Board was not clearly wrong in its interpretation of W.Va.Code § 23–4–15. However, the appellant also argues that his failure to file on time should be excused, citing *Bailey v. State Workmen's Compensation Commissioner*, 170 W.Va. 771, 296 S.E.2d 901 (1982), which provided a waiver of the time limitations for filing a claim under specific circumstances. Our decision in *Bailey*, however, was overruled in part by our recent decision in *Fucillo v. Workers' Compensation Commissioner*, 180 W.Va. 595, 378 S.E.2d 637 (1988). In *Fucillo*, we held that the time limitations involving objections, protests, or appeals were jurisdictional in nature, and expressly limited the application of our holding in *Bailey* to cases arising before March 7, 1986.

As this case was filed on or about September 6, 1985, the *Bailey* decision is still applicable to the present situation. At syllabus point 2 in *Bailey*, we held that:

> In the event that a late filing is excusable by virtue of innocent mistake, excusable neglect, unavoidable cause, fraud, misrepresentation or other misconduct of an adverse party, or any other reason justifying relief from the running of the

time period, then timely filing shall not be considered mandatory.

170 W.Va. at 772, 296 S.E.2d at 902.

 After reviewing the appellant's affidavit, we believe that he has presented sufficient grounds to excuse his late filing under the *Bailey* parameters. Accordingly, we reverse the decision of the Workers' Compensation Appeal Board and remand the case to the Workers' Compensation Commissioner with directions to award the appellant the benefits to which he is entitled by statute.

Reversed and remanded, with directions.

McHUGH and MILLER, JJ., dissent and reserve the right to file dissenting opinions.

McHUGH, Justice, dissenting:

I am unable to agree with the majority's opinion as reflected in its single Syllabus.[1] I believe it completely distorts the plain language of W.Va.Code, 23–4–15, which provides a time limit for the filing of workers' compensation claims for occupational hazards as follows:

> "*Within three years* from and after the day on which the employee was last *exposed* to the particular occupational hazard involved or *within three years* from and after the employee's occupational disease is made *known* to him by a physician *or* which he should reasonably have *known, whichever shall last occur ....*" (Emphasis added).

The majority, even in its cramped reading of the statutory phrase "whichever shall last occur," concedes that it contains several alternative options that will trigger

---

**9.** We do not choose to address today what amount of knowledge is necessary for a claimant to reasonably have known of the existence of a disease. We note, however, that other states have held that a claimant need not have positive medical information linking his condition to his employment if he has sufficient information from any other source to put him on notice. *See* 3 Larson, *supra*, § 78.41(d) at 246; *see also, St. John v. Arkansas Lime Co. (Rangaire Corp.)*, 8 Ark.App. 278, 651 S.W.2d 104 (1983); *Wamsher v. Brooks Products, Inc.*, 26 Or.App. 835, 554 P.2d 573 (1976).

**1.** The majority's single Syllabus states:

> "There are two possible dates which trigger the running of W.Va.Code § 23–4–15 (1988), of which the last occurring will be used. One of these dates is the date of last exposure. The second possible date is the earlier of either the date the claimant was advised of the occupational disease by a physician or the date the claimant should reasonably have known of the existence of the occupational disease."

the running of the time period. This phrase obviously refers to the preceding three alternate events which describe when the time for filing the claim begins to run. It is not ambiguous, and to stand it on its head by saying that as to the last two events, it means "whichever shall first occur," defies logic.

This result might be humorous were it not for the reality of industrial injuries whose filing date is now tragically shortened. If the Legislature wished to draw the statute according to the majority's Syllabus, I would be content. However, for the majority to rewrite the statute is something that I cannot accept. As a Court, we are here to interpret the law, not to legislate it.

Finally, I am dismayed that the majority would ignore our own precedent. In *Hannah v. Workers' Compensation Comm'r*, 176 W.Va. 608, 610, 346 S.E.2d 757, 759–60 (1986), we spoke to this precise point:

"The language of this provision may be generally summarized as providing that the 3-year period begins to run against a prospective claimant only after the *latest* occurrence of three possible dates: (1) date of last exposure to the hazard involved; (2) date of receipt of a medical diagnosis that one has a disease (or perceptible aggravation of an existing disease) that is wholly or partially occupational in origin; or (3) date that constructive knowledge of such a disease may be imputed by reason of awareness of facts which should have led to inquiry and discovery." (Emphasis in original).

For these reasons, I dissent, and I am authorized to state that Justice Miller joins me in this dissent.