# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CLINTON DAUGHERTY,**
**Claimant Below, Petitioner**

**FILED**

**May 16, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)    No. 11-1275** (BOR Appeal No. 2045535)
               (Claim No. 2011005869)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PRECISION MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Clinton Daugherty, by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Insurance Commissioner of West Virginia in its capacity as Administrator of the old fund, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 29, 2011, in which the Board affirmed a January 26, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 19, 2010, order. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In this case, Mr. Clinton Daugherty worked as a heavy equipment operator at surface coal mines from 1971 until April 27, 2004.  On July 16, 2009, Mr. Daugherty was diagnosed with

hearing loss in both ears and filed a claim for occupational hearing loss due to noise induced hearing loss. In his claim application for occupational hearing loss, Mr. Daugherty stated that he was first made aware of his noise induced hearing loss in the late 1970s or early 1980s. The claims administrator denied Mr. Daugherty's claim as being untimely filed. Mr. Daugherty appeals arguing that his claim was timely filed.

On July 16, 2009, Mr. Daugherty put on his initial application that he was aware that he had noise-induced hearing loss in the late 1970s or early 1980s. Mr. Daugherty was last exposed to the noise of the machinery at work on April 27, 2004. Dr. Joseph Touma completed the physician's section of the application, reporting that Mr. Daugherty had 150 decibels loss on the right and 155 decibels loss on the left.

The Office of Judges found the claimant's case similar to <u>Holdren v. Workers' Compensation Commissioner</u>, 181 W.Va. 337, 382 S.E.2d 531 (1989), where the Court found that "…the legislature intended the second and third phrases to be considered as two parts of a single element…the date of last exposure and either the date of the physician's diagnosis or the date the claimant should reasonably have known of the occupational disease." In <u>Holdren</u>, the Court found that the claimant actually knew or reasonably should have known of his occupational hearing loss when he was asked if suspected the problem with his hearing many years before was due to noise of the machinery at work and he answered, "I figure it contributed to it a lot." <u>Id</u>. The Court then found that the claimant's claim had been untimely filed. <u>Id</u>.

The Office of Judges found that Mr. Daugherty reasonably should have known or actually did know that he had a noise-induced hearing loss years before his date of last exposure and several years before he filed this claim for occupational hearing loss. According to the claimant's testimony the only source of noise was his employment.

The Office of Judges ruled that Mr. Daugherty's claim was not timely filed within three years of the day that he reasonably should have known that he had noise induced hearing loss. The Board of Review reached the same conclusion. We agree that Mr. Daugherty's claim was not timely filed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 16, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis

Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum