Argued and submitted June 2, reversed and remanded to the
Workers' Compensation Board July 23, petition for rehearing
denied September 3, petition for attorney fees denied
(289 Or 905, 618 P2d 959) October 28, 1980

In the Matter of the Compensation
of Rhonda Brown, Claimant.

BROWN,
*Petitioner,*

*v.*

EBI COMPANIES, et al,
*Respondents.*

(WCB 78-9419, CA 15396, SC 26771)

616 P2d 457

Thomas A. Caruso, St. Andrew Legal Clinic, Portland, argued the cause for petitioner. With him on the brief was Douglas S. Green, of Welch, Bruun and Green.

Margaret H. Leek Leiberan, of Lang, Klein, Wolf, Smith, Griffith and Hallmark, Portland, argued the cause and filed a brief for respondents.

LINDE, J.

## LINDE, J.

Petitioner's claim for workers' compensation was denied by her employer, and the denial was affirmed by the Workers' Compensation Board on the ground that she had not requested a hearing within the time prescribed by ORS 656.319(1) as construed in this court's opinion in *Sekermestrovich v. SAIF,* 280 Or 723, 573 P2d 275 (1977). The Court of Appeals affirmed without opinion, 44 Or App 1, 604 P2d 461 (1980). We allowed review to examine whether the Board and the Court of Appeals had unduly extended the principle of the *Sekermestrovich* case. We hold that they did.

ORS 656.319(1) provides:

"With respect to objection by a claimant to denial of a claim for compensation under 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a)   A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b)   The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial."

*Sekermestrovich v. SAIF, supra,* was this Court's first interpretation of that section. There the claimant offered as "good cause" for a delayed filing of her request for hearing that her original attorney had negligently failed to file the request within the statutory 60-day period. The Court affirmed the Board, the Circuit Court and the Court of Appeals in denying relief on that ground. The decision established two points. One was that "good cause" in ORS 656.319(1)(b), *supra,* would be read to refer to the same kind of "mistake, inadvertence, surprise or excusable neglect" that

permits relief from a default judgment under ORS 18.160.[1] The second was that the personal negligence of the claimant's attorney as a matter of law would not be "good cause" for a delayed filing under ORS 656.319(1)(b).

The claimant in *Sekermestrovich* contended that the remedial provisions of the Workers' Compensation Law should be interpreted more generously than the rules of civil litigation and that a claimant should not be disqualified from this no-fault social insurance by being held to the carelessness of an attorney. The Court stated its conclusion as follows:

"We do not feel that these arguments are of sufficient weight to justify one rule in civil cases and another in workers' compensation cases. Thus, our position in the cases construing ORS 18.160 is dispositive of the controversy. We therefore conclude that the failure of one's attorney to file the request for a hearing does not constitute good cause under ORS 656.319(1)(b) unless the attorney's reason for failing to file would be good cause if attributed to the claimant."

280 Or at 727.

Although the equation of "good cause" with the "mistake, inadvertence, surprise or excusable neglect" of ORS 18.160 did not go unchallenged, *see* 280 Or at 728, 735-736 (Lent and Tongue, JJ., dissenting), we do not reexamine that premise here.[2] The issue before us is whether the claimant is disqualified as a matter of law when neither she nor her attorney has

---

[1] ORS 18.160:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

[2] The standard of "good cause" in the Workers' Compensation Law, as construed in *Sekermestrovich v. SAIF,* may be reconsidered by the Legislative Assembly, and it is not inconceivable that the Council on Court Procedure may rewrite ORS 18.160 in light of the perennial problems arising under its present form. Either change would reopen the question of the equivalence of the two rules.

carelessly neglected to make a timely request for hearing but the failure to do so is attributable to someone in the attorney's office.

The referee found the following facts. Claimant advised her employer of the claimed injury on August 16, 1978. On August 30, 1978, the claim representative of the employer's insurance carrier, respondent EBI Companies, advised her that the claim would be denied, and this denial was confirmed by letter a day or two later. Claimant then telephoned her attorney and was instructed to mail the denial letter to him, which she did. The attorney did not see this letter at that time. On September 14, 1978, he sent EBI a request for copies of medical reports and other pertinent material in its files. Only on November 28 did he learn that the denial letter had reached his office in early September but (in the referee's words) "for some unexplained reason had not been brought to his attention or that of his secretary." The attorney filed the request for hearing the next day, November 29, 1978.

From the referee's findings, we take it as established that the written notice of denial was misplaced by someone responsible for handling mail in claimant's attorney's office, though not by the attorney himself. Thus the question, as already stated, is whether negligence in the chain of communication as a matter of law is beyond excuse, as the negligence of the attorney himself was held to be in *Sekermestrovich.*

This Court's decisions under ORS 18.160 demonstrate that this is not so. We refer only to the cases discussed in the *Sekermestrovich* dissent. We need not repeat the facts reviewed there in this opinion. In two of the cases, failure of mailed notice to reach persons who would take responsibility for the defense was held sufficient not only to justify setting aside a default judgment in the judge's discretion but to require it as a matter of law. *Hiatt v. Congoleum Industries,* 279 Or

569, 569 P2d 567 (1977); *Wager v. Prudential Ins. Co.,* 276 Or 827, 556 P2d 658 (1976). In a third case, we affirmed a trial judge who had reached the same result as a matter of discretion. *Bella v. Aurora Air, Inc.,* 279 Or 13, 566 P2d 489 (1977). These decisions, contemporaneous with *Sekermestrovich,* show that once "good cause" under ORS 656.319(1)(b) is equated with the excuses stated in ORS 18.160, it is at least within the range of discretion to relieve a claimant from a default caused by the mistake or neglect of an employee who is not charged with responsibility for recognizing and correctly handling the message that constitutes the legally crucial notice from which the time to respond is measured. The reasons why a party who chooses an attorney to represent her is bound by that attorney's action or neglect to act do not extend so far that she is indirectly bound as a matter of law by every negligent mistake of anyone employed by her attorney.

We do not hold in turn that on the facts of this case the claimant had "good cause" for the delayed filing as a matter of law. We hold only that a finding of "good cause" was not foreclosed by our decision in *Sekermestrovich v. SAIF,* as the Board appears to have thought. This judgment was for the referee and the Board to make in the first instance.[3]

Because the referee and the Board concluded that *Sekermestrovich* required dismissal of petitioner's claim, they did not reach other issues bearing on its timeliness or its merits. These cannot be initially decided by the Court of Appeals on remand. It is therefore necessary to return this case to the Board.

Reversed and remanded to the Workers' Compensation Board.

---

[3] One difference between ORS 18.160 and ORS 656.319(1)(b), not noted in *Sekermestrovich v. SAIF, supra,* is that ORS 18.160, wisely or not, states relief from default judgments as a matter of the trial court's "discretion," while "good cause" under ORS 656.319(1)(b) is not a matter of "discretion" but of agency judgment in the sense stated in *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979).

**TONGUE, J.,** Specially concurring.

I concur in the decision by the majority in this case, but would also hold that our previous decision in *Sekermestrovich v. SAIF,* 280 Or 723, 573 P2d 275 (1977), was wrongly decided and should be overruled for reasons stated by the dissent in that case.

LENT, J., and TANZER, J., join in this concurring opinion.