Argued and submitted November 9, 1984, reversed February 6, reconsideration denied
April 5, petition for review denied April 23, 1985 (299 Or 118)

In the Matter of the Compensation
of Michael Lorence, Claimant.

EBI COMPANIES et al,
*Petitioners,*

*v.*

LORENCE,
*Respondent.*

(81-11404; CA A30858)

695 P2d 61

Jerald P. Keene, Portland, argued the cause for petitioners. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Marianne Bottini, Portland, argued the cause for respondent. With her on the brief was Bottini & Bottini, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Employer, Columbia Excavating, and its insurer, EBI Companies (employer), seek reversal of the Workers' Compensation Board's order which held that claimant had established good cause for his failure to request a hearing within 60 days of the denial of his claim. We hold that the facts of this case do not establish good cause and reverse.[1]

Claimant sustained a compensable injury on December 16, 1979. On July 2, 1981, a determination order was issued which awarded no time loss and no permanent partial disability. On September 28, 1981, employer issued a denial for continued treatment under ORS 656.245. Claimant sought legal assistance from an attorney on October 12, 1981. Both claimant and the attorney were aware of the 60-day limitation on appealing the denial. The attorney testified that, once he had accepted claimant's case, he considered himself the person responsible for meeting the 60-day limit. On the day he first met with claimant, the attorney dictated a hearing request and gave it, along with other dictation, to his secretary. The request for hearing apparently never went any further in his office system. On December 15, 1981, the attorney reviewed claimant's file pursuant to his diary system and discovered that no request for hearing had been filed. He then filed the request for hearing 18 days past the 60-day limit. The referee and the Board held that the failure timely to file the request for hearing was due to the negligence of the attorney's employe who was handling the dictation and, therefore, that it constituted good cause for claimant's untimeliness.

Two Oregon cases have defined the rules governing good cause for failure timely to file a request for hearing when it is caused by the negligence of claimant's attorney or the attorney's employes. In *Sekermestrovich v. SAIF,* 280 Or 723, 573 P2d 275 (1977), the court held that the failure of an attorney to file a request for hearing did not constitute good cause under ORS 656.319(1)(b), unless the attorney's reason for failing to file would be good cause if attributed to the claimant. In *Brown v. EBI Companies,* 289 Or 455, 616 P2d 457 (1980), the claimant telephoned her attorney and

---

[1] Because we hold that claimant did not establish good cause, we do not need to address employer's other assignments of error.

informed him that she had received a denial letter. She was instructed to mail the denial letter to him, which she did. For some unknown reason, the attorney did not find out that the denial letter had reached his office until after the time for requesting a hearing had passed. The issue in *Brown,* as defined by the court, was "whether negligence in the chain of communication as a matter of law is beyond excuse." 289 Or at 459. The court stated:

> "* * * [I]t is at least within the range of discretion to relieve a claimant from a default caused by the mistake or neglect of an employee *who is not charged with responsibility for recognizing and correctly handling the message that constitutes the legally crucial notice* from which the time to respond is measured. * * *" 289 Or at 460. (Emphasis supplied.)

■ The distinction between *Sekermestrovich* and *Brown* appears to be that the negligence of an employe which results in an attorney's failure can constitute good cause, while the actual negligence of the attorney himself cannot. Clearly, under either *Sekermestrovich* or *Brown,* if a claimant's attorney had received the denial and failed to do anything, no good cause would exist. We find no substantial distinction between that situation and the facts of this case. True, claimant's attorney did dictate a request for hearing, and the secretary may have been negligent in failing to return the dictation to her employer. However, the negligence of the secretary cannot excuse the primary negligence of the attorney, who had the denial in his possession, was aware of the exact date on which the request for hearing had to be filed and merely forgot about the file and the deadline, because he had dictated the request for hearing.

■ Under the facts of this case, it was the negligence of the attorney in failing to keep track of the preparation of the request for hearing and to make sure that it was filed on time that caused the late request. Further, nothing under these facts could be held to be excusable neglect if it were done by the claimant himself. Claimant has failed to establish good cause for his failure timely to file a request for hearing. The denial must therefore stand.

Reversed.