Argued and submitted October 2, 1992, affirmed September 22, reconsideration denied December 29, 1993, petition for review denied January 18, 1994 (318 Or 326)

In the Matter of the Compensation of
Pedro Mendoza, Claimant.

Pedro MENDOZA,
*Petitioner,*

*v.*

SAIF CORPORATION,
Jose and Jesus Forest, NW Contracting
and Wausau Insurance Company,
*Respondents.*

(90-12948, 90-12949; CA A73642)

859 P2d 582

Edward J. Harri, Salem, argued the cause for petitioner. With him on the brief were Stanley Fields and the Law Office of Michael B. Dye, Salem.

Richard Rizk, Beaverton, argued the cause and filed the brief for respondents Wausau Insurance Company and NW Contracting.

Virginia L. Linder, Solicitor General, Salem, waived appearance for respondents SAIF Corporation and Jose and Jesus Forest.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Claimant seeks review of a final order of the Workers' Compensation Board. The Board found that claimant had not established good cause for an untimely filing of a request for hearing from a responsibility denial. We review for errors of law, ORS 183.482(8), and affirm.

The issue is whether claimant established good cause under ORS 656.319(1)(b),[1] by proving that his attorney gave two timely directives to his legal assistant to file a request for hearing, but she failed to do so. The Board found these facts: Claimant was consecutively employed by two employers. The first employer was insured by SAIF Corporation (SAIF) and the second employer was insured by Wausau Insurance Company (Wausau). Claimant filed an aggravation claim against SAIF and an industrial injury claim against Wausau. SAIF denied the aggravation claim, and Wausau denied responsibility for the new injury claim.

Wausau's responsibility denial, dated June 25, 1990, was received by claimant's attorney some time before July 25, 1990. Claimant's attorney had 60 days within which to request a hearing on the denial. ORS 656.319(1)(a). Claimant's attorney twice instructed his legal assistant to request a hearing and asked her to hand deliver the request. The legal assistant forgot to file the request for hearing and did not discover her error until after the 60-day period for filing had passed. Claimant's attorney filed a supplemental request for hearing on November 6, 1990, within the 180-day limit to file if a claimant proves good cause. ORS 656.319(1)(b).

Claimant has the burden to prove good cause for the untimely filing of the hearing request. ORS 656.319(1)(b). Good cause, as used in ORS 656.319(1)(b), means the same kind of "mistake, inadvertence, surprise or excusable

---

[1] ORS 656.319(1) provides:

"With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a) A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b) The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial."

neglect" that permits relief from a default judgment under *former* ORS 18.160 and ORCP 71B(1). *Brown v. EBI Companies*, 289 Or 455, 458, 616 P2d 457 (1980); *Sekermestrovich v. SAIF*, 280 Or 723, 727, 573 P2d 275 (1977); *Anderson v. Publishers Paper Co.*, 78 Or App 513, 517, 717 P2d 635, *rev den* 301 Or 666 (1986).

In *Sekermestrovich v. SAIF, supra,* the court held that the failure of an attorney to file a request for hearing did not constitute good cause under ORS 656.319(1)(b), unless the attorney's reason for failing to file would be good cause if attributed to the claimant. 280 Or at 727. *See also EBI Companies v. Lorence,* 72 Or App 75, 695 P2d 61, *rev den* 299 Or 118 (1985).[2] In *Brown v. EBI Companies, supra,* the issue was "whether the claimant is disqualified as a matter of law when neither she nor her attorney has carelessly neglected to make a timely request for hearing but the failure to do so is attributable to someone in the attorney's office." 289 Or at 458. In that case, the denial letter did not reach the claimant's attorney or his secretary "for some unexplained reason" in time to file a request for hearing. 289 Or at 459. The court held that a finding of good cause was not foreclosed under the circumstances and returned the case to the Board. The court noted:

"[O]nce 'good cause' under ORS 656.319(1)(b) is equated with the excuses stated in [*former*] ORS 18.160, it is at least within the range of discretion to relieve a claimant from a default caused by the mistake or neglect of an employee who is not charged with responsibility for recognizing and correctly handling the message that constitutes the legally crucial notice from which the time to respond is measured." 289 Or at 460.

In this case, the attorney and the legal assistant were responsible for filing the request for hearing. The Board correctly concluded: "[B]ecause failure to request a hearing by someone charged with that responsibility is not excusable

---

[2] In *EBI Companies v. Lorence, supra,* we held that the negligence of the attorney's secretary in failing to return dictation concerning a request for hearing did not excuse the primary negligence of the attorney, where the attorney was aware of the exact date on which the request for hearing had to be filed and by reason of having dictated the request, forgot about the file and deadline. Under those circumstances the claimant did not establish good cause. 72 Or App at 78.

neglect, we hold that claimant has failed to establish good cause for his untimely request * * *.'' We find no error.

Claimant argues in his second assignment of error that he is not time barred under ORS 656.319(1), because Wausau denied only responsibility, not compensability of his claim. He relies on *Hanna v. McGrew Bros. Sawmill*, 44 Or App 189, 605 P2d 724, *mod* 45 Or App 757, 609 P2d 422 (1980). In *Hanna*, we held that the claimant's failure to timely file a request for hearing against one of two insurers did not bar his appeal, because compensability was not at issue, and because an ORS 656.307 order had issued. The case before us is distinguishable. SAIF denied compensability and an ORS 656.307 order never issued.

Affirmed.