Argued and submitted April 18, affirmed July 31, 1996

In the Matter of the Compensation of
Debra L. Lay, Claimant.

OGDEN AVIATION
and AIG Claim Services (AIGCS),
*Petitioners,*

*v.*

Debra L. LAY,
*Respondent.*

(94-04856; CA A89107)

921 P2d 1321

Jerald P. Keene argued the cause and filed the brief for petitioners.

Glen H. Downs argued the cause for respondent. With him on the brief were Gerald C. Doblie and Doblie & Associates.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Employer seeks review of an order of the Workers' Compensation Board[1] finding that claimant established good cause for filing a request for hearing beyond 60 days but within 180 days following the denial of her compensability claim. ORS 656.319(1)(b).[2] We affirm.

Claimant mailed the notice of denial to her attorney's office. The attorney's legal secretary did not put the denial on the attorney's desk. The Board found:

"There is no dispute that [here] the denial was received by [the attorney's] office in January, 1994. The normal procedure was for [the attorney's] legal secretary to process that incoming mail and place the denial on [the attorney's] desk. That was not done through no fault of [the attorney] or anyone else responsible for filing claimant's request for hearing. The fault is attributable to a support person, not claimant's attorney and not someone responsible for filing claimant's request for hearing."

Relying, *inter alia*, on *Mendoza v. SAIF*, 123 Or App 349, 859 P2d 582 (1993), *rev den* 318 Or 326 (1994), the Board found that claimant had shown good cause for the late filing under

"the legal standard [which is], if the failure to file claimant's request for hearing is the fault of claimant's attorney and/or anyone in claimant's attorney's office who is responsible for filing requests for hearing, then that fault is attributable to claimant and good cause is not established. On the other hand, if the fault is attributable to a support person not responsible for filing requests for hearings, then that fault

---

[1] Without opinion, the Board adopted the opinion and order of the administrative law judge.

[2] ORS 656.319(1) provides:

"With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a) A request for hearing is filed not later than the 60th day after the mailing of the denial to the claimant; or

"(b) The request is filed not later than the 180th day after mailing of the denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after mailing of the denial."

is not attributable to claimant and assuming no other relevant factors, good cause for late filing is established."

Employer does not dispute that the Board's findings of fact are supported by substantial evidence but argues that the Board applied the incorrect legal standard to those facts. It contends that the Board erred in holding that "good cause" could be established by a showing that the request was not timely filed because of the omission or negligence of someone other than the person specifically responsible for "filing" the request for hearing. Employer contends that, under *Brown v. EBI Companies*, 289 Or 455, 460, 616 P2d 457 (1980), the correct standard does not depend on responsibility for *filing* but, rather responsibility for "recognizing and correctly handling" the denial. Claimant responds that the Board's order should be affirmed because "good cause" is a delegative term under *Springfield Education Assn. v. School Dist.*, 290 Or 217, 621 P2d 547 (1980), and the Board's determination here of what constitutes "good cause" is within the range of its delegated authority.[3]

■ In *SAIF v. Curtis*, 107 Or App 625, 813 P2d 1112 (1991), we discussed our standard of review of the Board's determination of "good cause" under ORS 656.319. In particular, we concluded that, notwithstanding a history of reviewing such determinations *de novo*, our review was properly governed by standards prescribed in the Administrative Procedures Act. ORS 183.482. We explained that we would reverse the Board's determination of good cause "only if the [Board's] findings are not supported by substantial evidence or if it has erroneously interpreted a provision of law. ORS 138.482(8)(a)." *Id.* at 630.[4]

---

[3] Claimant challenges employer's petition for review as deficient for noncompliance with ORS 656.298. We reject that challenge without further discussion.

[4] ORS 183.482(8)(a) provides:

"The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A) Set aside or modify the order; or

"(B) Remand the case to the agency for further action under a correct interpretation of the provision of law."

For the reasons that follow, we conclude that *Curtis*, perhaps inadvertently, may have signaled a misleading standard of review. Because, as we explain below, the ultimate determination of whether particular circumstances constitute "good cause" for filing an untimely request for a hearing under ORS 656.319(1)(b) is a matter within the Board's delegative discretion, that ultimate determination is more precisely and pertinently reviewed under ORS 183.482(8)(b),[5] not ORS 183.482(8)(a).

"Good cause" is a "delegative term" within *Springfield*'s rubric. In *McPherson v. Employment Division*, 285 Or 541, 591 P2d 1381 (1979), the court addressed the proper standard for reviewing the Employment Division's determination of whether an employee had "good cause" to leave her employment. The court concluded that "good cause" within the meaning of ORS 657.176(2)(c)

"calls for completing a value judgment that the legislature itself has only indicated: evaluating what are 'good' reasons for giving up one's employment and what are not. Judicial review of such evaluations, though a 'question of law,' requires a court to determine how much the legislature has itself decided and how much it has left to be resolved by the agency. For an agency decision is not 'unlawful in substance,' ORS 183.482(8), *supra*, if the agency's elaboration of a standard like 'good cause' is within the range of its responsibility for effectuating a broadly stated statutory policy." *Id.* at 550.

*Brown v. EBI Companies* involved a materially different sort of "good cause"—that is, "good cause" for an untimely request for a hearing under ORS 656.319(1). In remanding the Board's determination that a pre-*McPherson* decision, *Sekermestrovich v. SAIF*, 280 Or 723, 573 P2d 275

---

[5] ORS 183.482(8)(b) provides:

"The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision."

(1977), foreclosed any finding of good cause, the court observed:

" '[G]ood cause' under ORS 656.319(1)(b) is not a matter of 'discretion' but of agency judgment in the sense stated in *McPherson*[.]" *Brown*, 289 Or at 460 n 3.

In *Springfield*, the court refined and amplified the proper review of agency determinations of good cause:

"The legislature may use general delegative terms because it cannot foresee all the situations to which the legislation is to be applied and deems it operationally preferable to give an agency the authority, responsibility and discretion for refining and executing generally expressed legislative policy. This pattern of general legislation and specific application arises in several contexts. In *McPherson*, we dealt with a statutory term, 'good cause' which 'calls for completing a value judgment that the legislature itself has only indicated.' * *· *

"* * * * *

"When an agency determines whether certain facts constitute good cause, for example, a decision either way reflects a choice of policy which is essentially legislative in that it refines a general legislative policy. * * * The delegation of responsibility for policy refinement under such a statute is to the agency, not to the court. The discretionary function of the agency is to make the choice and the review function of the court is to see that the agency's decision is within the range of discretion allowed by the more general policy of the statute. *This decisional relationship of agency and courts in contested cases is provided for in ORS 183.482(8)(b)*[.]" 290 Or at 228-29 (emphasis supplied).

Thereafter, in *Sayers v. Employment Division*, 59 Or App 270, 650 P2d 1024 (1982), we reviewed the Employment Division's determination that the petitioner had not demonstrated "good cause" for an untimely request for hearing under ORS 657.875.[6] Referring to *McPherson* and *Springfield* and to *Brown*, which involved the directly analogous

[6] ORS 657.875 provides:

"The period within which an interested party may request a hearing or file with the Employment Appeals Board an application for review * * * may be extended, upon a showing of good cause therefor, a reasonable time under the circumstances of each particular case."

workers' compensation "untimely request for hearing"/"good cause" statute, we concluded that the Employment Division's determination of "good cause," and particularly its application of its own rule defining "good cause" for an untimely filing, was "a matter of agency policy" subject to review under ORS 183.482(8)(b). *Sayers*, 59 Or App at 281.

Notwithstanding our analysis in *Sayers*, between the enunciation of the *McPherson/Springfield* analysis in the early 1980's and the abrogation of this court's *de novo* review in workers' compensation cases in 1987, Oregon Laws 1987, chapter 884, section 12a, we continued to engage in *de novo* review determinations of good cause under ORS 656.319(1). *See Curtis*, 107 Or App at 629 (describing history). In doing so, we questioned the correctness of the Supreme Court's suggestion in *Brown* that determinations of "good cause" under the workers' compensation laws were subject to APA review:

> "[I]t is difficult to believe that the Supreme Court in *Brown* intended to say that, although our review under the Workers' Compensation Act is *de novo*, judicial review of whether good cause exists or not under ORS 656.319 is limited by the Administrative Procedures Act as interpreted in *McPherson v. Employment Division* * * *. If that is what the court meant, there may be other questions arising under the Workers' Compensation Act that are subject to that kind of limited review." *Anderson v. Publishers Paper Co.*, 78 Or App 513, 517-18, 717 P2d 635, *rev den* 301 Or 666 (1986), *on remand* 93 Or App 516, 763 P2d 398 (1988) (footnote omitted).

*But see id.* at 518-19 (Warren, J., dissenting) ("The term 'good cause' is a delegative one, and we should not disturb the Board's decision unless it is 'unlawful in substance.' " (citing *McPherson*)).

In 1987, the legislature eliminated our *de novo* review in workers' compensation cases, replacing it with APA-type review. ORS 656.298(6) ("The review by the Court of Appeals shall be on the entire record forwarded by the board. Review shall be as provided in ORS 183.482(7) and (8)."). Nevertheless, vestiges of our adherence to *de novo* review of "good cause" determinations persisted until *Curtis*

in 1991. *See* 107 Or App at 629-30. After reviewing that history in *Curtis*, we concluded that our review of the Board's determination of "good cause" was governed by the APA, ORS 183.482, and that, in particular:

> "We may reverse the Board only if its findings are not supported by substantial evidence or if it has erroneously interpreted a provision of law. ORS 183.482(8)(a)." *Id.* at 630.

*Curtis's* reference to ORS 183.482(8)(a) could be read as implying that the Board's ultimate conclusion that particular facts constitute "good cause" is not subject to review, as a matter of agency judgment, under ORS 183.482(8)(b). Such an implication cannot, however, be squared with *McPherson*, *Brown*, and *Springfield*. Nor can it be reconciled with our analysis in *Sayers* of the closely analogous "good cause" standard in chapter 657. Accordingly, we clarify[7] that our review of determinations of "good cause" under ORS 656.319(1) is pursuant to ORS 183.482(8)(b).

■  Our review here, thus, is to see whether the agency's determination of "good cause" is within "the range of discretion delegated to" the Board by ORS 656.319(1). ORS 183.482(8)(b). The Supreme Court considered the contours of that policy in *Sekermestrovich*, 280 Or 723. It construed "good cause" as meaning "mistake, inadvertence, surprise or excusable neglect," as found in *former* ORS 18.160,[8] 280 Or at 726-27,[9] and held that negligence of an attorney is not good cause unless the attorney's reason for failing to file would be good cause if attributed to the claimant. *Id.* at 727.

■  It is employer's position here, however, that the legal standard against which "good cause" must be measured is more exactly or precisely defined than merely whether the

---

[7] We have not subsequently relied on *Curtis's* specific reference to ORS 183.482(8)(a). In *Mendoza*, for example, we simply stated that "we review for errors of law, ORS 183.482(8)." 123 Or App at 351.

[8] Those excuses are now incorporated into ORCP 71 B.

[9] Authoritative interpretations of a statute become a part of the statute as if written into it at the time of enactment. *SAIF v. Allen*, 320 Or 192, 204, 881 P2d 773 (1994). If the standard of "good cause" as construed in *Sekermestrovich* is reconsidered by the legislature, or the Council on Court Procedures changes "mistake, inadvertence, surprise or excusable neglect," any change would reopen the equivalence of the two. *Brown*, 289 Or at 458 n 2.

facts demonstrate "mistake, inadvertence, surprise or excusable neglect." In particular, employer argues that, although error by a member of the attorney's legal staff with only "indirect" responsibility may be excused, under *Brown*, error by someone who directly participates and is responsible for "recognizing and handling" the denial cannot be excused, as a matter of law.

We do not agree with employer's understanding that *Brown* purports to circumscribe the content of "good cause" under ORS 656.319(1) as a matter of law. In *Brown*, the court reviewed the Board's determination that mishandling of a written notice of denial by someone in the claimant's attorney's office, other than the attorney himself, did not constitute "good cause" for a late filing under ORS 656.319(1). In so holding, the Board had construed the opinion in *Sekermestrovich* as compelling such a result as a matter of law.

On judicial review, the court characterized the question before it as

"whether the claimant is disqualified as a matter of law when neither she nor her attorney has carelessly neglected to make a timely request for hearing but the failure to do so is attributable to someone in the attorney's office.

"* * * * *

"Thus, the question, as already stated, is *whether negligence in the chain of communication as a matter of law is beyond excuse*[.]" 289 at 458-59 (emphasis supplied).

In reversing the Board, the Supreme Court explained that the Board had misinterpreted its role in applying facts to a delegative term:

"[O]nce 'good cause' under ORS 656.319(1)(b) is equated with the excuses stated in ORS 18.160, it is at least within the range of discretion to relieve a claimant from a default caused by the mistake or neglect of an employee who is not charged with responsibility for recognizing and correctly handling the message that constitutes the legally crucial notice from which the time to respond is measured. The reasons why a party who chooses an attorney to represent her is bound by that attorney's action or neglect to act do not extend so far that she is indirectly bound as a matter of law

by every negligent mistake of anyone employed by her attorney." 289 Or at 460.

Thus, the court concluded that the Board was not foreclosed, as a matter of law, from determining that mistake or neglect by a person not responsible for recognizing and handling a denial constituted "good cause." Conversely—and contrary to employer's position here—neither *Brown* nor any subsequent case has held that, as a matter of law hedging the Board's discretion, neglect by a staff member who *is* charged with recognizing or handling claim denials can *never* be "good cause" for purposes of ORS 656.319(1)(b). Consequently, even if we assumed, as the employer asserts here, that the record shows that claimant's attorney's secretary had such responsibility, that fact would not, as a matter of law, preclude the Board's determination of "good cause."

We note, finally, that the Board's determination of "good cause" here accords with *Mendoza*. There, the claimant's attorney instructed his legal assistant to request a hearing and she forgot to do so. The Board concluded that those facts did not demonstrate "good cause," and we affirmed:

> "In this case, the attorney and the legal assistant were responsible for filing the request for hearing. *The Board correctly concluded: '[B]ecause failure to request a hearing by someone charged with that responsibility is not excusable neglect*, we hold that claimant has failed to establish good cause for his untimely request * * *.' We find no error." 123 Or App at 352 (emphasis supplied).

Here, in contrast, there is no evidence that claimant's attorney's secretary had any responsibility for filing hearing requests; rather, at most, she was responsible for recognizing and handling notices of denial. Thus, the determination of "good cause" here was not inconsistent with prior Board position or practice, as expressed in *Mendoza*.

Affirmed.