Argued and submitted October 14, 1999, affirmed August 9, petition for review denied October 31, 2000 (331 Or 283)

In the Matter of the Compensation of
Shawn L. Rhoades, Claimant.

Shawn L. RHOADES,
*Petitioner,*

*v.*

SANDY RURAL FIRE PROTECTION DISTRICT 72
and SAIF Corporation,
*Respondents.*

(97-08354; CA A104640)

8 P3d 999

Mark W. Potter argued the cause and filed the brief for petitioner.

Julene Marian Quinn argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

Claimant seeks review of a Workers' Compensation Board order dismissing his request for a hearing. The Board held that claimant had not shown good cause for filing his request more than 60 days after SAIF denied his claim. We affirm.

Claimant is a volunteer firefighter for employer, Sandy Rural Fire Protection District 72. He was responding to employer's call when he slipped and injured his knee.[1] Claimant filed a workers' compensation claim on November 22, 1996. SAIF denied his claim because the injury did not occur within the course and scope of employment. SAIF mailed its denial on April 21, 1997, to both claimant and employer. Claimant spoke with the fire chief about the denial. The fire chief told claimant that he would either take care of the matter with SAIF or appeal the denial on claimant's behalf, a course of action that the fire chief had taken when other employees' claims had been denied.

The fire chief was away on vacation in May 1997. After returning from vacation, the fire chief retired on June 15, 1997. The fire chief did not appeal or otherwise resolve the denial before he retired. On June 20, 1997, the 60-day period in which to file a request for hearing expired. On July 3, 1997, SAIF sent a letter to employer, stating that the denial was final because it had not been appealed within 60 days. After discussing the issue at a board meeting, employer helped claimant prepare his request for a hearing. That request was filed on October 14, 1997, more than 60 but less than 180 days after SAIF mailed the denial.

The Board dismissed claimant's appeal because he had failed to establish good cause for his late filing. *See* ORS 656.319(1)(b). The Board found, as the administrative law judge (ALJ) had, that employer was not acting as the insurer's agent. It compared this case instead to *Mendoza v. SAIF*, 123 Or App 349, 859 P2d 582 (1993), *rev den* 318 Or

---

[1] As long as the volunteers intend to respond to the call, employer considers them employees and on the job from the time they receive a call until they return home.

326 (1994), in which we upheld the Board's determination that when the person charged with responsibility for filing a hearing request fails to do so in a timely manner, that person's actions are attributed to claimant. The Board reasoned that: (1) in light of the arrangement between claimant and the fire chief, the fire chief was the person charged with responsibility for filing the request; (2) the fire chief had not delegated that responsibility to anyone else; and (3) claimant had failed to establish that the fire chief's failure to file the request within 60 days constituted excusable neglect. The Board explained:

> "Assuming that the employer was acting as claimant's agent for purposes of filing the hearing request, claimant's testimony indicates that [the fire chief] was responsible for filing the hearing request. There is no evidence that [the fire chief] delegated that responsibility to anyone else. Based on [the executive secretary's] testimony, the only explanation for [the fire chief's] failure to file the request for hearing was that he was gone in May 1997. However, that explanation only pertains to part of the 60[-]day time period following SAIF's denial. There is no explanation in the record as to why the request for hearing was not filed during the remaining [part of the 60-day period] after SAIF's April 21, 1997 denial."

The Board accordingly found that the evidence did not support claimant's argument (and the ALJ's conclusion) that the turnover of employer's personnel caused the failure to file a timely hearing request. Because claimant had not established good cause for his late filing, the Board dismissed his request for a hearing.

In *Ogden Aviation v. Lay*, 142 Or App 469, 921 P2d 1321 (1996), we clarified our standard of review in these sorts of cases:

> "Our review here, thus, is to see whether the agency's determination of 'good cause' is within 'the range of discretion delegated to' the Board by ORS 656.319(1). ORS 183.482(8)(b). The Supreme Court considered the contours of that policy in *Sekermestrovich* [*v. SAIF*, 280 Or 723, 573 P2d 275 (1977)]. It construed 'good cause' as meaning 'mistake, inadvertence, surprise or excusable neglect,' as found in *former* ORS 18.160, 280 Or at 726-27, and held that [the]

negligence of an attorney is not good cause unless the attorney's reason for failing to file would be good cause if attributed to the claimant."

*Id.* at 476 (footnotes omitted). *Ogden* reaffirmed that the legislature delegated the Board authority to determine, within statutory limits, when a claimant's failure to file a timely request for hearing constitutes good cause. *See id.* at 476-77. Our inquiry is whether the Board's decision that a claimant has or has not established good cause falls within the Board's delegated range of authority. *See id.* at 476.

■ On review, claimant advances essentially three reasons why the Board erred. First, he argues that when a claimant relies on a nonlawyer to file his or her claim, the Board should test the nonlawyer's actions under a more lenient standard than when a claimant relies on an attorney. The Board, however, declined to draw that distinction. Rather, the relevant question, according to the Board, is whether the person who failed to file the hearing request was charged with the responsibility for doing so, not whether that person was or was not an attorney. If the person was charged with the responsibility for filing the request, that person's actions will be attributed to the claimant.

■ The Board's order follows our decision in *Mendoza*.[2] In that case, we upheld the Board's determination that a legal assistant's negligence was attributable to the claimant because the assistant had been charged with responsibility for filing the request. 123 Or App at 352. That was so even though the legal assistant was a lay person, and not an attorney. It may have been within the Board's authority to draw the distinction claimant urges, but *Mendoza* makes clear that it is also within the Board's authority to hold a claimant responsible for the acts of his or her agent whenever that agent is charged with the responsibility for filing the hearing request. *Compare Ogden*, 142 Or App at 478 (upholding

---

[2] Claimant bases his argument on *Berwick v. AFSD*, 74 Or App 460, 703 P2d 994, *rev den* 300 Or 332 (1985). *Berwick*, however, requires that hearings officers " 'must be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.' " 74 Or App at 467 (quoting *Rosa v. Weinberger*, 381 F Supp 377, 381 (ED NY 1974)). It does not limit the Board's authority to hold attorney and nonattorneys who undertake to file hearing requests to the same standard.

Board's determination that where attorney's legal assistant was not charged with responsibility for filing hearing requests, that assistant's negligence was not attributable to the claimant).

■ Claimant advances a second argument. Relying on *Voorheis v. Wood, Tatum, Mosser*, 81 Or App 336, 725 P2d 405, *rev den* 302 Or 342 (1986), he argues that because he reasonably relied on employer's representation that it would file his hearing request, he has established good cause. *Voorheis* did not hold, however, that whenever a claimant reasonably relies on another person to file his or her request for a hearing, the claimant's reasonable reliance constitutes good cause. That would be inconsistent with the Supreme Court's decision in *Sekermestrovich*, as well as our decision in *Mendoza*. Those cases establish that when an agent is charged with responsibility for filing a request for hearing, the agent's actions may be attributed to the claimant without regard to the reasonableness of the claimant's reliance on the agent. As the Board explained, good cause existed in *Voorheis* because the claimant in that case reasonably relied on the *insurer*'s representation, and the insurer was not the claimant's agent. Here, the Board's order is based on the premise that employer was acting as claimant's agent.[3]

Finally, claimant argues that the Board erred in finding that he had failed to establish that the fire chief's negligent failure to file the request was not excusable. He argues that the ALJ correctly determined that the failure was due to turnover in the office and that the Board erred in not accepting that finding. There is substantial evidence, however, to support the Board's conclusion that employer's failure to file a timely request for hearing was not caused by turnover of employer's personnel. Claimant does not argue, and we find

---

[3] Both the ALJ and the Board recognized that an employer may be an insurer's agent, which could make *Voorheis* applicable to this case. The ALJ, however, found that the employer in this case was not acting as SAIF's agent. Claimant did not challenge that finding on appeal to the Board. The Board agreed with the ALJ's finding that employer was not acting as SAIF's agent in this case, and claimant has not challenged that finding in this court. Similarly, claimant has not challenged the Board's premise that employer was his agent for the purpose of filing his hearing request. Rather, he has affirmatively argued before us that employer "was [claimant's] agent for the purpose of filing an appeal."

no evidence, that anyone other than the fire chief was responsible for filing the request for hearing. Claimant offers no explanation, other than personnel turnover, for why the fire chief failed to file the claim either before he left on vacation in May or after he returned. Also, with the exception of the fire chief, the personnel turnover claimant relies on either occurred before his claim was denied or after the 60-day period to file a request for hearing had expired.[4] We need not decide whether the evidence would have permitted the Board to adopt the ALJ's finding that the failure to file was caused by turnover in the office. It is sufficient to say that substantial evidence permitted the Board to reach a different conclusion. We accordingly affirm the Board's order.

Affirmed.

---

[1] Employer's secretary resigned in October 1996. A new secretary began working in December 1996. SAIF mailed the denial on April 21, 1997. The fire chief retired on June 15, 1997. On June 20, 1997, the 60-day period to file a request for hearing ran. On June 30, 1997, more than 60 days after the denial was mailed, employer's new board took office.