GARRETT, J.
*711 Petitioners challenge a final order of the Department of Consumer and Business Services (department) in which the director concluded that respondent, a medical transportation company, had established good cause for its untimely filing of a request for hearing. The director's order reversed and remanded an order of an administrative law judge (ALJ), concluding that respondent had not established good cause. On judicial review, petitioners contend that substantial evidence does not support the director's determination that respondent established "excusable neglect" for its late request for a hearing. We agree with petitioners, and reverse the order and remand for further proceedings.
Our review is confined to the administrative record, ORS 183.482(7), and the following facts are not contested on review. This dispute arose from the medical transport of petitioner Horton, an injured worker, covered by petitioner SAIF. The worker, while traveling in New Mexico, developed a medical problem related to his compensable condition. He began traveling home to Oregon in his family's own vehicle, but his condition worsened during the trip, requiring hospitalization in Nevada. After treatment there, the *190 worker requested transport to Oregon. The hospital requested bids from various medical transport providers, including respondent. Respondent gave a preliminary quote of $15,000 for jet aircraft transportation. On September 30, 2014, SAIF indicated to respondent that it would authorize jet aircraft transportation if respondent could confirm a bid of approximately $15,000.
Respondent never replied to SAIF's request for a confirmed bid. The next day, respondent provided jet aircraft transportation to the worker. Respondent then billed SAIF for $277,825.
SAIF refused to pay the amount billed on the ground that the services and charges were inappropriate, unnecessary, unreasonable, and excessive. In February 2015, respondent requested administrative review by the Medical Resolution Team (MRT) of the department's Workers' Compensation Division (WCD). MRT reviewer Sheppard was assigned the case and began corresponding with SAIF's *712 attorney as well as one of respondent's attorneys identified in the record only as "Amanda."
On April 13, 2015, Sheppard issued an administrative order determining that the amount billed by respondent was unreasonable and ordered SAIF to pay the "appropriate" amount of $19,475. A copy of the April 13 order was mailed to respondent at its street address in Scottsdale, Arizona, which was later confirmed to be correct. That copy was not returned by the United States Postal Service as undeliverable or unclaimed. A separate copy of the order was mailed to a different attorney for respondent, Snider, at an incorrect address, and was returned as undeliverable.
The April 13 order included a statement notifying respondent of its right to a hearing and of the requirement that such a request be made within 30 days. See OAR 436-001-0019.
On May 26, 2015, Martinez, an employee in respondent's legal department, left Sheppard a voicemail saying that she had just been assigned to the case. Martinez asked if there were any upcoming deadlines. Sheppard returned her call later that day and asked if respondent had received the April 13 order. Martinez said that she would "look it up," and, during the same conversation, replied that, although respondent had received multiple documents and correspondence about the matter up to April 13, 2015, there was no order from Sheppard in respondent's files. Sheppard faxed a copy of the April 13 order to Martinez that same day.
Two days later, on May 28, Snider left Sheppard a voicemail saying that he had received a copy of the order on May 27 and that he did not know why respondent had not received a copy earlier, as it had been sent to the correct address.
On June 1, Snider, on behalf of respondent, requested a hearing before the WCD regarding the April 13 order. On June 2, WCD denied that request as untimely but advised respondent that it could request a limited hearing solely on the question of whether respondent had good cause for its untimely request. On July 1, respondent filed a request for a limited hearing, which was granted, and a hearing occurred *713 on October 6, 2015. After that hearing, the ALJ entered an order on October 30, 2015, concluding that respondent had failed to establish good cause.
The ALJ noted that respondent had the burden of establishing "good cause," which is defined by rule to include "mistake, inadvertence, surprise, or excusable neglect." OAR 436-001-0019(7)(b). The ALJ rejected respondent's position that the April 13 order had never been received, as evidenced by Martinez's "surprise" when she learned about that order from Sheppard on May 26. The ALJ reasoned that the record clearly established that the notice had been mailed to respondent's correct address, and that respondent had presented no countervailing evidence that it was not received. Concluding that the April 13 order had been timely mailed to respondent's correct address, the ALJ determined that respondent had failed to establish good cause for its untimely request for hearing.
Respondent sought review by the department's director, who reviewed the matter de novo and reversed and remanded the ALJ's order in a final order dated September 15, *191 2016. The director accepted the ALJ's factual findings but reached a different conclusion on the issue of good cause. Citing case law, the director framed the question as whether respondent's untimely request "was caused by the excusable neglect of someone who was not responsible for deciding whether a request for hearing should be filed." See, e.g. , Brown v. EBI Companies , 289 Or. 455, 460, 616 P.2d 457 (1980) ("[I]t is * * * within the range of discretion to relieve a claimant from a default caused by the mistake or neglect of an employee who is not charged with responsibility for recognizing and correctly handling the message that constitutes the legally crucial notice from which the time to respond is measured." (Emphasis added.) ). In that regard, the director concluded that, although an "unsupported assertion" that an order or notice was not received or lost is insufficient, "it is not necessary to affirmatively establish how the order was lost, misplaced, or otherwise neglected." (Emphasis added.)
Applying that standard, the director explained:
"Ms. Martinez *** stated that the only thing [respondent] had received dated April 13, 2015, was an exhibit packet *714 from SAIF's counsel. The veracity of Ms. Martinez's representation has not been questioned. That evidence is also consistent with Mr. Snider's statement, on May 28, 2015, stating that he received the order on May 27, 2015.
"As a result, I find Ms. Martinez's representation of the documentation in [respondent's] file system, on May 26, 2015, to be persuasive evidence that the appeal period had expired by the time Ms. Martinez and Mr. Snider received a copy of the MRT's order. On that basis, I conclude that [respondent] has demonstrated excusable neglect and good cause for its untimely filing."
(Citations omitted.) In a footnote, the director added that the "evidence in the record demonstrates that it is most likely that the order was lost, in transit or upon arrival at [respondent's] facility, before it was added to the file system used by [respondent's] legal department."
We review the director's final order for substantial evidence and substantial reason. ORS 183.482(8)(c) ; SAIF v. Martinez , 219 Or. App. 182, 184, 182 P.3d 873 (2008). A factual finding is supported by substantial evidence so long as " 'the record, [when] viewed as a whole, would permit a reasonable person to make that finding.' " Campbell v. Employment Dept. , 256 Or. App. 682, 683, 303 P.3d 957 (2013) (quoting ORS 183.482(8)(c) ). In reviewing the director's determination, we do not substitute our judgment for the director's as to any issue of fact. ORS 183.482(7). The burden is on respondent to present evidence sufficient to support findings from which the director can determine that good cause exists. Cogswell v. SAIF , 74 Or. App. 234, 237, 702 P.2d 81 (1985).[1]
On review, petitioners contend that, although the director cited the correct standard in determining whether good cause existed for respondent's untimely filing, the record *715 is insufficient as a matter of law to support the director's findings on which he concluded that good cause existed. Specifically, petitioners argue that a reasonable person in the director's position could not find that respondent had demonstrated by a preponderance of the evidence that the missed deadline was the fault of "someone who was not responsible for deciding whether a request for hearing should be filed."
Respondent contends that we must affirm because it is reasonable to infer from the evidence-specifically, the evidence that (1) respondent received and logged some documents regarding the matter, but not Sheppard's order, and (2) Snider and Martinez did *192 not personally know about the order until late May-that the missed deadline was the fault of someone else who was not responsible for deciding whether to request a hearing.[2] Respondent relies on Brown , 289 Or. at 459-60, 616 P.2d 457, in which the Supreme Court took "it as established" from the referee's findings that the notice had reached the attorney's office and that, "for some unexplained reason," the notice "had not been brought to [the attorney's] attention or that of his secretary," that the notice must have been "misplaced by someone responsible for handling mail in [the] claimant's attorney's office" who was "not charged with responsibility for recognizing and correctly handling" the notice. Id.
The issue in Brown , however, was not whether substantial evidence supported the referee's findings. Rather, the threshold legal issue was whether the excusable neglect of an employee "not charged with responsibility for recognizing and correctly handling" a notice constitutes "good cause" in the first place. Id. at 460, 616 P.2d 457. The court did not address whether substantial evidence actually supported the referee's finding of excusable neglect; the court evidently took that as a given. Thus, Brown does not assist respondent with respect to the question of whether substantial evidence exists in this case.
*716 The record below raises crucial, unanswered questions that ultimately preclude a reasonable person from finding that respondent's untimely filing is attributable to someone other than a "responsible" person. The director apparently regarded as most significant the representation by Martinez, whose veracity was not in question, that no copy of the April 13 order was in respondent's files as of May 26, when she called Sheppard. The director took that fact as persuasive evidence that the "appeal period had expired by the time Ms. Martinez and Mr. Snider received a copy of the MRT's order." But whether the appeal period had expired by the time those individuals received a copy of the order is not the dispositive question. The dispositive question is whether some other "responsible" person employed by respondent had received the order before the appeal period expired.
Although Snider and Martinez might have been two persons with such responsibility, the record provides no indication that they were the only such persons, nor that whoever might have handled and "lost" the order was not also such a person. Critically, the record reveals the identity of at least one other person who was working for respondent during the relevant time and may have been responsible: "Amanda," the attorney who was representing respondent when the order was issued. In addition, Martinez told Sheppard on May 26 that she had "just" been assigned to the case. That naturally raises the question of the identity of Martinez's predecessor and whether that person received the order before the appeal period expired.
Respondent has put forward no evidence to explain those gaps in the chronological record, and, in light of those gaps, no reasonable person could conclude that respondent has carried its burden to demonstrate a probability that the April 13 order was misplaced by someone who "was not responsible for deciding whether a request for hearing should be filed." See Brown , 289 Or. at 460, 616 P.2d 457. Accordingly, we conclude that substantial evidence does not support the director's order.
Reversed and remanded.

Whether factual circumstances support a determination that "good cause" exists is a matter of department discretion, and we review such determinations for whether they fall within the range of discretion delegated by the legislature. See Ogden Aviation v. Lay , 142 Or. App. 469, 476, 921 P.2d 1321 (1996). On review, the parties do not dispute that it is within the director's discretion to determine that "good cause" exists if respondent's untimely request was the fault of someone not responsible for deciding whether to request a hearing. See Brown , 289 Or. at 460, 616 P.2d 457. Therefore, the issue here is only whether there is substantial evidence in the record to support such a finding.

Respondent also asserts that it has presented persuasive evidence that "it never actually received the Order." That assertion is inconsistent with the director's finding that the order most likely either never reached respondent or was received by respondent but lost internally. Moreover, we reject respondent's assertion in light of the undisputed fact that the order was mailed to the correct address and not returned as undeliverable or unclaimed.